TATE *v.* STATE

[No. 14, September Term, 1962.]

*Decided October 15, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*L. Robert Evans,* for appellant.

*Gerard Wm. Wittstadt, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Frank H. Newell* and *Paul J. Feeley, State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore County, on the brief, for appellee.

PER CURIAM.

Appellant was convicted of robbery by a jury in the Circuit Court for Baltimore County. His only complaint on this appeal is that the trial judge, over his objection, permitted one of the police officers to testify that the prosecuting witness had identified appellant when he was first taken to the Dundalk Police Station. He contends the State failed to prove the prior-to-trial identification was made under circumstances which established its fairness, integrity and reliability. This Court has had occasion to deal with this proposition, in, at least, four recent cases: *Basoff v. State,* 208 Md. 643, 119 A. 2d 917; *Judy v. State,* 218 Md. 168, 146 A. 2d 29; *Bulluck v. State,* 219 Md. 67, 148 A. 2d 433; and *Proctor v. State,* 223 Md. 394, 164 A. 2d 708.

However, in the view that we take of the instant case, we find it unnecessary to discuss the proposition; because, if we assume, without deciding, that the trial judge erroneously admitted the testimony, the error was, we think, harmless. The prosecuting witness testified that he had known appellant and his co-defendant for some time (and knew his name) prior to

the robbery. The appellant admitted this acquaintanceship between him and his accuser. The prosecuting witness testified further that he had informed the officers before appellant's arrest that he would be able to identify appellant, and he had made a positive identification of the accused at the trial. Under these circumstances, the testimony objected to was merely cumulative, and, in our judgment, not prejudicial.

*Judgment affirmed.*