THORNTON *v.* STATE

[No. 58, September Term, 1963.]

*Decided November 5, 1963.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Edward A. Palamara* for the appellant.

*Loring E. Hawes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Leonard T. Kardy, State's Attorney for Montgomery County,* and *Alfred Burka, Assistant State's Attorney,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was tried and found guilty by a jury on the first count of three separate indictments charging robbery with a deadly weapon of one Steve Balog, and the attempted robbery with a deadly weapon of Donald Peacock and James Raynor. He contends (1) that he was not sufficiently identified by his accusers, (2) that the evidence was insufficient to sustain a conviction for robbery with a deadly weapon, (3) that he did not receive a fair trial, and (4) that the trial court erred in instructing the jury.

Sometime after 2 A.M. on April 14, 1962, Thornton and seven companions attacked the occupants of another car parked on the public school grounds in Sandy Spring. Thornton was driving his own car, and had a gun. Thornton pulled in back of the parked car and one of his cronies said, "maybe they have got some money." Rounds, one of the occupants of Thornton's car, told the officers that Thornton handed him the gun and told him to keep the victims covered while he, Thornton, robbed them. There was testimony that someone in Thornton's car pointed a gun and threatened to shoot. The three occupants of the parked car got out and a general melee ensued. All three were beaten and robbed. The gun was fired several times but

no one was shot. Thornton drove his group to Washington and purchased refreshments for them.

On the first point, the record is devoid of any objection to the extra-judicial identification of Thornton by one of the prosecuting witnesses in this case, so the point is not before us under Maryland Rule 885. Balog testified that he had identified Thornton as his assailant when he saw him through a one-way glass window at the police station, without any prompting by the police. Balog pointed out Thornton in the court room. Peacock also pointed out Thornton as Balog's assailant. We think the identification was sufficient. See *Tate v. State,* 229 Md. 454, 455, and cases cited. In *Proctor v. State,* 223 Md. 394, 399 we cited with approval the Wisconsin case of *Johnson v. State,* 36 N. W. 2d 86, very similar on its facts. We think there was no showing of unfairness or unreliability in the case at bar. Cf. *Sippio v. State,* 227 Md. 449, 451.

On the second point, the appellant contends the evidence was insufficient because there was no evidence that Thornton used any weapon except his fists. It is conceded that Rounds was using Thornton's gun in an assault upon Peacock, when Thornton was beating and robbing Balog. Nevertheless, the offenses charged were committed by a joint effort and all participants are principals in the second degree. See *Vincent v. State,* 220 Md. 232 and Clark and Marshall, *Law of Crimes,* Sec. 166 (5th ed. 1952).

The charge of unfairness is unfounded. We find nothing to suggest that his trial counsel did not "speak up for him." The fact that other defendants received lesser sentences is not material. The fact that an accomplice testified is no ground for objection, even if objection had been made.

Finally, there was no objection to the court's charge to the jury, hence there is nothing before us. *Stevens v. State,* 230 Md. 47, 50. In any event, we find no reversible error in the court's charge.

*Judgments affirmed.*