## ELLIS v. WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 62, September Term, 1965.]

*Decided January 12, 1966.*

Before PRESCOTT, C. J., and HAMMOND, MARBURY, OPPEN-
HEIMER and McWILLIAMS, JJ.

PRESCOTT, C. J., delivered the opinion of the Court.

In his application for leave to appeal, petitioner states four grounds for relief: (1) that his constitutional rights were violated; (2) that he did not have counsel at his preliminary hearing (at which time he entered, or had entered on his behalf, a plea of not guilty); (3) that he was illegally arrested; and, (4) that conflicting statements were made by the State's witnesses.

The court below (Judge Cardin) denied relief on the first ground raised by petitioner, because it was a mere bald allegation of a denial of constitutional rights. *Matthews v. Warden,* 223 Md. 649.

On the second point, relief was denied because petitioner entered a plea of not guilty at his preliminary hearing. *Arrington v. Warden,* 232 Md. 672.

We think Judge Cardin adequately disposed of contentions 1 and 2.

In regard to contention 3, the petitioner makes no allegation that any "fruits" of an illegal arrest were offered against him at his trial. Of course, an illegal arrest of an accused, standing alone, does not invalidate a subsequent conviction. *Ledbetter v. Warden,* 234 Md. 643. Moreover, the contention of an alleged illegal arrest was not raised in the trial court nor on his direct appeal. Code (1957), Article 27, Sections 645A-645J.

Petitioner's fourth contention that "conflicting" testimony was offered at his trial is nothing more than a vague and indefinite generality, and, at most, amounts to nothing more than an attack on the weight of the State's evidence, which is not a ground for post conviction relief. *Duff v. Warden,* 234 Md. 646. (Even if the challenged testimony were alleged to be perjured, it would not invalidate a conviction in the absence of knowledge thereof on the part of the prosecution.)

*Application denied.*