## THORNTON *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 91, September Term, 1965.]

*Decided February 9, 1966.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

PER CURIAM.

William Thornton filed a petition under the Post Conviction Procedure Act in the Circuit Court for Montgomery County. Counsel was appointed for him by the court; a hearing was held before Judges Anderson and Mathias; he was present and testified in his own behalf. His petition was denied in a memorandum and order filed on September 10, 1965. He seeks leave to appeal to this Court on the following grounds:

1. The trial, conviction and subsequent sentence were the result of denial of rights deemed fundamental by both Federal and State Constitutions.

2. Petitioner's arrest was illegal.

3. The State offered no proof of petitioner's guilt.

4. The jury selection procedure prejudiced the petitioner.

5. Petitioner's court-appointed attorney was incompetent.

6. Petitioner has not heard from the Court of Appeals in regard to his appeal.

7. Identification of petitioner was insufficient.

8. The court erred in permitting testimony by a co-defendant.

9. The setting of high bail prejudiced the petitioner.

10. Petitioner was convicted while co-defendants were not convicted.

11. Co-defendants received lesser sentences.

We find no merit in any of the above contentions. As to petitioner's first contention, a bald assertion of denial of constitutional rights without specification affords no ground for re-

lief. His second contention likewise can afford him no post conviction relief since he does not claim that he was in any way prejudiced by the alleged illegality of his arrest. His third, seventh and tenth contentions involve his guilt or innocence of the crimes for which he was convicted, or the sufficiency of the evidence to sustain his convictions. Such issues may not be raised in a post conviction proceeding. *Greene v. Warden,* 238 Md. 651, 210 A. 2d 729; *Austin v. Director,* 237 Md. 314, 206 A. 2d 145; *Davis v. Warden,* 235 Md. 637, 201 A. 2d 672. The report of the investigation of the allegations of his petition made by counsel appointed by the court to represent him points out that the jury was selected in accordance with statutory procedure and at the hearing the petitioner produced no evidence to refute this report or to substantiate this fourth contention. His fifth and eighth contentions were resolved against him on his direct appeal. *Thornton v. State,* 232 Md. 542, 194 A. 2d 617. His claim of excessive bail pending trial of his case in the lower court and petitioner's claim that he has not heard the results of his first unsuccessful appeal have no relevancy in a post conviction proceeding. Lastly, disparity between sentence imposed on petitioner and that imposed on co-defendants affords no relief under the Post Conviction Procedure Act. *Ellinger v. Warden,* 224 Md. 648, 167 A. 2d 334.

*Application denied.*