24334. SALISBURY v. GRIMES, Sheriff.

ARGUED OCTOBER 10, 1967—DECIDED NOVEMBER 9, 1967.

*Hoke Smith, William V. Hall, Jr.,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw,* for appellee.

ALMAND, Presiding Justice. Henry Cook Salisbury, appellant, filed a petition for a writ of habeas corpus seeking his release from the custody of T. Ralph Grimes, Sheriff of Fulton County. Appellant's detention is by virtue of a conviction and sentence of thirteen years rendered during the November term, 1966, of the Fulton Superior Court. Appellant's amended petition for habeas corpus was based upon two grounds: First, that "the grand jury that returned the indictment against the petitioner was drawn from a grand jury box illegally made up because of the action of the Jury Commissioners of the Superior Court of Fulton County in using as a starting point a jury list from which Negro citizens had been systematically excluded or disproportionately included, and completing said jury box by the use of tax returns wherein taxpayers were segregated by race. Such action in the preparation of the grand jury list acted to deprive petitioner of due process of law and the equal protection of the laws in contravention of the 14th Amendment to the Constitution of the United States. The jury box was in fact dispropor-

tionate"; second, that the sentence under which he was being held was void "in that his original sentence was for a term of ten (10) years and his sentence under which he is being held is a sentence for a term of thirteen (13) years, and to impose a harsher punishment upon a defendant following a successful appeal denies to petitioner equal protection of laws guaranteed by the 14th Amendment to the Constitution of the United States." Further, appellant alleged that he brought the "action pursuant to the provisions of the Georgia Habeas Corpus Act of 1967, Georgia Laws 1967, page 835." Appellee filed a general demurrer and motion to dismiss the petition. After hearing argument on the demurrer and motion, the court sustained the demurrer and dismissed the petition. The appeal is from this order.

■ Section 3 of the Habeas Corpus Act of 1967 (Ga. L. 1967, pp. 835, 837; *Code Ann.* § 50-127 (2)) provides that a petition for habeas corpus shall have attached thereto affidavits, records or other evidence supporting its allegations or shall state why the same are not attached. A petition for habeas corpus must set out the facts upon which it is predicated, as distinguished from allegations of mere conclusions, and these facts should be specific and not merely general. 24 CJS 783, Criminal Law, § 1606 (28a). A mere allegation that one has been denied constitutional guarantees, without setting forth facts substantiating a violation of such rights is not a sufficient reason for setting aside a sentence on habeas corpus. Barbee v. Warden, 220 Md. 647 (151 A2d 167). See also Thornton v. Warden, 241 Md. 715 (216 A2d 894); Ellis v. Warden, 241 Md. 176 (215 A2d 836) and Matthews v. Warden, 223 Md. 649 (162 A2d 452). The appellant's allegations that he was indicted by a grand jury from which members of the Negro race had been systematically excluded or disproportionately included were mere conclusions. Appellant sets forth no facts or other evidence upon which to predicate these conclusions as required by Section 3 of the Habeas Corpus Act of 1967 (Ga. L. 1967, pp. 835, 837; *Code Ann.* § 50-127 (2)). Appellant's failure to allege any factual basis for the conclusions that he has been denied a constitutional right

renders this ground of his petition insufficient to set aside a sentence on habeas corpus.

Appellant's petition makes no showing which would bring him within the scope of Whitus v. Georgia, 385 U. S. 545 (87 SC 643, 17 LE2d 599).

■ Appellant's contention that to impose a harsher punishment upon him following a successful appeal denies him equal protection of law guaranteed by the 14th Amendment of the United States Constitution is without merit.

*Code Ann.* § 27-2502 (Ga. L. 1964, pp. 483, 484) provides that, in all cases of felonies not punishable by life imprisonment, the jury "shall prescribe a determinate sentence for a specific number of years, which shall be within the minimum and maximum prescribed by law as the punishment for said crime, and the judge in imposing the sentence shall sentence said convicted person to the penitentiary in accordance with the verdict of the jury."

Appellant twice moved for a new trial and such requests for new trial were granted on his own motion. When appellant was granted a new trial, it wiped the slate clean as if no previous conviction and sentence had existed. In electing to have his case retried, appellant must have contemplated the possibility of having the jury impose a harsher sentence if he were convicted again. See Robinson v. United States, 324 U. S. 282 (65 SC 666, 89 LE 944) and United States v. Russell, 378 F2d 808 (3d Cir.). Yet, appellant did elect to seek a new trial, and the jury carried out its duty of prescribing his sentence.

The demurrer was properly sustained and the petition dismissed.

*Judgment affirmed. All the Justices concur.*