231 So.2d 260 (1970)
STATE of Florida, Petitioner,
v.
Lewell N. MILLER and C. Arthur Bennett, Respondents.
No. 69-846.
District Court of Appeal of Florida, Third District.
February 3, 1970.
Rehearing Denied March 4, 1970.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf and Ronald W. Sabo, Asst. Attys. Gen., for petitioner.
Prebish & Masin, Miami, for respondents.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
*261 SWANN, Judge.
Lewell N. Miller and C. Arthur Bennett were indicted and tried for murder in the first degree. The jury found them guilty and recommended mercy. They were sentenced by the Court to life imprisonment. Later the Circuit Judge ordered a new trial for both defendants. Subsequently, he ruled that the defendants could no longer be tried on a charge which could be punished by the death penalty and he refused to exercise jurisdiction over the cause and transferred it, as to both defendants, to the Criminal Court of Record, in and for Dade County, Florida.
The state seeks review of these orders and we have previously determined to consider its application as a petition for writ of certiorari. State v. Coyle, Fla. App. 1966, 181 So.2d 671.
Rule 1.640(a), "CrPR", 33 F.S.A., states:
"When a new trial is granted, the new trial shall proceed in all respects as if no former trial had been had [except that when an offense is divided into degrees or the charge includes a lesser offense, and the defendant has been found guilty of a lesser degree or lesser included offense, he cannot thereafter be prosecuted for a higher degree of the same offense or for a higher offense than that of which he was convicted]." Brackets added.
The "implied acquittal rule" mentioned in the brackets does not apply here since these defendants were not found guilty of a lesser degree or lesser included offense. They were found guilty of first degree murder, as charged, with a recommendation of mercy by a majority of the jury.
A similar situation was discussed in Mann v. State, 23 Fla. 610, 3 So. 207 (1887). At page 211 the court said:
* * * * * *
"* * * While it may be true, as we think, though some courts hold otherwise, that a party who is tried on an indictment for a higher offense, and convicted of a lower grade of the offense, shall not be again tried for the higher, or for any grade of offense above that for which he was convicted, yet that is not the case which the motion presents to us. The conviction was for murder in the first degree. The recommendation to mercy did not change the nature or grade of the crime, but only the manner of punishment. This recommendation may, unlike the verdict, be made by a mere majority of the jury * * * Such a thing as trial for murder which requires a recommendation to mercy is unknown to the law. The court is limited to the simple announcement to the jury that, if they think the case one calling for it, they can, on finding the party guilty, accompany their verdict with a recommendation to mercy; but the court cannot direct that as a necessary part of the case, and would be held to have committed error if it did. It seems to us, from this view, that, if a party convicted of a crime with the penalty reduced has that conviction set aside upon his own urgency, he is not thereby relieved from trial for the same crime, with the risk of any penalty authorized by law that the result may bring. * * *"
* * * * * *
The most recent pronouncement in this field by the U.S. Supreme Court was in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In responding to the same argument advanced there, as here, the Supreme Court said:
* * * * * *
"* * * And at least since 1919, when Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103, was decided, it has been settled that a corollary of the power to retry a defendant is the power, upon the defendant's reconviction, to impose whatever sentence may be legally authorized, whether or not it is greater *262 than the sentence imposed after the first conviction. * * *"
* * * * * *
"We hold, therefore, that neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction. A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's `life, health, habits, conduct, and mental and moral propensities.' * * *"
* * * * * *
The Circuit Judge is not precluded, therefore, from trying these defendants for first degree murder and possibly imposing a more severe sentence.
The requirement which Pearce did impose was the due process requirement "that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." It held that where a judge imposes a more severe sentence at re-trial the reasons for such sentence must affirmatively appear and the factual data upon which the increased sentence is based must be made part of the record.
This requirement of Pearce may not be applicable in the instant case. § 919.23(2), Fla. Stat., F.S.A., provides in part:
* * * * * *
"Whoever is convicted of a capital offense and recommended to the mercy of the court by a majority of the jury in their verdict, shall be sentenced to imprisonment for life."
Thus, in first degree murder cases tried before a jury in Florida the jury, not the judge, determines whether the sentence is death or life imprisonment. In Florida, in these cases, the judge possesses no sentencing discretion as he must impose the death penalty if the jury does not recommend mercy and he must impose a life sentence if they do. Thus, the "judicial vindictiveness" and "additional facts" requirements of Pearce do not appear to be applicable to first degree murder cases tried before a jury in Florida.
This position was followed in Branch v. State, Tex.Cr.App. 1969, 445 S.W.2d 756. There, the Texas court stated:
* * * * * *
"* * * The United States Supreme Court in Simpson v. Rice, the companion case to North Carolina v. Pearce, supra, holds that increased sentences on retrial which are the product of the sentencing judge's retaliatory motives or vindictiveness should not be imposed. In this case Hamilton Branch's increased punishment cannot be the result of a retaliatory motive on the part of the sentencing judge because here the appellant's punishment, in accordance with his request, was assessed by the jury. * * *"
* * * * * *
We hold, therefore, that the orders sought to be reviewed are in error and are departures from the essential requirements of the law and that the Circuit Court still has jurisdiction over these capital cases.
The petition for writ of certiorari is granted and, accordingly, the orders transferring the cause to the Criminal Court of Record, in and for Dade County, Florida, are quashed.
It is So Ordered.
PEARSON, Chief Judge (dissenting in part).
I concur in the holding that this cause must be retried in the circuit court, but I would hold that the possible sentence is limited to life imprisonment. It seems to me that the cases relied upon by the majority overlook the facts of life.
*263 The inevitable result of the holding is that a defendant who has been sentenced to life imprisonment will in many cases be deprived of the right to appeal because he cannot afford to pay the price of a second exposure to the chance of the electric chair. Every person convicted of a crime in a court of the State of Florida has the right of an appeal. Constitution of the State of Florida, Article V, §§ 4 (2), 5(3), F.S.A. I would hold that we may not abridge that right by demanding a re-exposure to the death penalty in cases like the one before us.
It is true that in a non-capital case conviction upon retrial calls for a resentencing with the qualification that the judge may not arbitrarily increase the punishment. But what does it matter to the accused whether the judge or the jury has the power on a resentencing? If the judge may not arbitrarily increase the punishment, then the jury ought not have the power to do so.