Edgar Lennox BETTS, Jr., Plaintiff-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Defendant-Appellee.

No. 28838

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 27, 1970.

John Phillips, Dallas, Tex. for plaintiff-appellant.

Edgar Lennox Betts, Jr., pro se.

Robert C. Flowers, Asst. Atty. Gen., State of Texas, Brandon Bickett, Gilbert J. Pena, Charles R. Parrett, Asst. Attys. Gen., Austin, Tex., for defendant-appellee.

Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.

PER CURIAM.

 This appeal comes to us from an order of the district court denying the petition of a Texas convict for the writ of habeas corpus. We affirm.[1]

Appellant was convicted of robbery and was sentenced on November 27, 1961, to ten years imprisonment. He was paroled on February 1, 1963, but parole was revoked and he was retaken into custody on August 14, 1967, after being arrested in Los Angeles County, California, for possession of dangerous drugs.

 In his petition for habeas corpus, appellant contended that he is entitled to credit on his sentence for time spent on parole. Appellant's contention is without merit and he is not entitled to the relief sought. Garnett v. Blackwell, 423 F.2d 1211 (5th Cir. 1970); Clifton v. Beto, 5th Cir. 1969, 411 F.2d 1226; Van Horn v. Maguire, 5th Cir. 1964, 328 F. 2d 585.

 The appellant in his brief on appeal raises these "subsidiary" points: that he signed a parole agreement under duress without the assistance of counsel; that he was denied due process when his parole was revoked without a hearing or assistance of counsel; that the Texas statutes pertaining to parole, Vernon's Ann.Tex.Code Crim.P. Art. 42.12, are unconstitutionally ambiguous; and that the Texas Department of Corrections does not have the power to "stop" the sentence imposed by a competent court.

These issues were not raised in the court below, nor does the appellant aver that these contentions were presented to the Texas courts pursuant to Tex.Code Crim.P. Art. 11.07. They are therefore not properly before this court, and we will not reach them. Horn v. Beto, No. 28459 (5th Cir., 1970); Texas v. Payton, 390 F.2d 261 (5th Cir. 1968).

The judgment below is affirmed.

Affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.