**Wilbur Dean COX, Petitioner-Appellant,**

**v.**

**The STATE OF TEXAS, the Governor of Texas, the Texas Bd. of Pardons & Paroles, the Director of the Texas Dept. of Corrections, Respondents-Appellees.**

No. 29541

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 3, 1970.

Wilbur Dean Cox, pro se.

Crawford C. Martin, Atty. Gen., Robert Darden, Asst. Atty. Gen., Austin, Tex., for respondents-appellees.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a Texas state convict for the writ of habeas corpus. We affirm.

Appellant is presently serving a 30 year sentence for robbery by assault imposed in 1947. He was granted a conditional pardon in 1948 which was revoked in 1954, and a parole in 1959 which was revoked in 1963. Appellant in this action complains that pursuant to a Texas statute[1] he was not given credit on his sentence for the time he was at large on conditional pardon and parole. We find no constitutional infirmity in the Texas statute. It is well established that a convict is not entitled to credit for time spent on parole prior to the revocation of his conditioned pardon or parole. Betts v. Beto, 5 Cir. 1970, 424 F.2d 1299; Clifton v. Beto, 5 Cir. 1969, 411 F.2d 1226; Van Horn v. Maguire, 5 Cir. 1964, 328 F.2d 585. The judgment below is affirmed.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

1. Now, Tex.Code Crim.Proc.Ann. Art. 42.12 § 22.

