**Robert Alan JONES, Petitioner-Appellant,**

v.

**L. W. VINEYARD, Respondent-Appellee.**

**No. 30800.**

United States Court of Appeals, Fifth Circuit.

March 3, 1971.

Robert Alan Jones, pro se.

W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas County, Dallas, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

■ The appellant pleaded guilty in the Criminal District Court of Dallas County, Texas, to the offense of sodomy for which he received a two-year probated sentence.[1]

On February 10, 1970, the appellant filed a motion in the United States District Court entitled "Application for Injunction." The court below treated that motion as a petition for the writ of habeas corpus since it sought "release from any further restraint" to which the appellant has been subjected by virtue of his conviction. The appellant also sought an order permanently enjoining his probation officer, Mr. L. W. Vineyard, from enforcing the conditions of his probation, on the ground that the Texas statute under which he was convicted is unconstitutional.

The district court denied all injunctive relief by order filed on February 10, 1970, stating that the appellant was not entitled to such relief unless and until his judgment of conviction be set aside. We agree.

■ In that same order of February 10, 1970, the district court permitted the appellant to proceed in forma pauperis as to the other contentions raised in application, and ordered the respondent to show cause why the appellant should not be released from his custody. Thereafter the district court denied habeas relief on grounds that the appellant had failed to exhaust his available state remedies, as is required by 28 U.S.C. § 2254.

Since the record before this Court clearly shows that the appellant has not sought to challenge the legality of his detention in any Texas state court, the ruling of the district court is clearly correct. Betts v. Beto, 5th Cir. 1970, 424 F.2d 1299; Carpenter v. Beto, 5th Cir. 1970, 421 F.2d 847; Texas v. Payton, 5th Cir. 1968, 390 F.2d 261.

The judgment below is affirmed.

Affirmed.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.