## 26214.  CHAFFIN v. THE STATE.

HAWES, Justice. James Chaffin was accused, tried and convicted of the offense of robbery by open force and violence and sentenced in accordance with the recommendation of the jury to a term of 15 years imprisonment. He made a motion for a new trial and upon the overruling of that motion appealed his conviction to this court which affirmed the trial court. Thereafter, he applied to the U. S. District Court for the Northern District of Georgia for a writ of habeas corpus. The writ was issued and upon the trial of that issue the U. S. District Court ordered that the appellant be re-tried because of an alleged error in the charge of the court respecting alibi. Upon his re-trial, the jury returned a verdict finding the defendant guilty and recommending him to the mercy of the court. In accordance with that verdict, a life sentence was imposed and after his motion for new trial was overruled he again appealed to this court. In his appeal and in his brief and argument here appellant contends that the court erred in charging the jury so as to permit them to return a verdict and authorizing the imposition of a sentence upon him in excess of the 15 years which previously had been imposed upon him on the former trial of the case. He also contends that the court erred in permitting the cross examination of the lawyer who represented him on the former trial with respect to the said lawyer's reasons for failing to raise the defense of insanity.

1. Appellant contends that to permit the imposition of a harsher sentence upon him upon his re-trial violates the constitutional guaranty included in the Fifth Amendment against twice putting him in jeopardy and violates the equal protection clause of the Fourteenth Amendment. In support of these contentions, he cites and chiefly relies upon the case of North Carolina v. Pearce, 395 U. S. 711 (89 SC 2072, 23 LE2d 656). That case, however, is not authority for appellant's position. In that case, the Supreme Court of the United States had before it two questions, to wit: whether the Fifth Amendment guarantee against double jeopardy is violated when punishment already exacted for an offense is not fully credited in imposing a new sentence

after re-trial for the same offense; and, whether there was any absolute constitutional bar to imposing a more severe sentence on reconviction. A careful reading of the opinion of the Supreme Court in that case reveals that the court answered the former question in the affirmative, but answered the latter question in the negative, holding specifically and expressly that the guarantee against double jeopardy does not restrict the length of sentence which may be imposed upon reconviction, and that imposition of a more severe sentence upon re-trial does not violate the equal protection clause of the Fourteenth Amendment. This court, in the case of *Salisbury v. Grimes,* 223 Ga. 776 (2) (158 SE2d 412) expressly passed upon a similar contention with respect to a denial of equal protection of law guaranteed by the Fourteenth Amendment holding therein adversely to the contentions of the appellant here. Upon authority of these cases, we hold that there is no merit in the contention of the appellant with respect to the imposition of a life sentence upon him on the second trial. None of the cases relied on by the appellant, to wit, *Griffin v. Illinois,* 351 U. S. 12 (76 SC 585, 100 LE 891), dealing with the right of an indigent defendant to be furnished without cost a stenographic transcript of the proceeding of the trial for the purposes of appeal; *Douglas v. California,* 372 U. S. 353 (83 SC 814, 9 LE2d 811), dealing with the right of an indigent defendant to be represented by counsel on appeal; *Patton v. State of North Carolina,* 381 F2d 636, dealing with the right of a defendant to be awarded credit for time previously served upon the imposition of a second sentence upon his re-trial; and, *Price v. Georgia,* 398 U. S. 323 (90 SC 1757, 26 LE2d 300) dealing with the legality of a conviction of a defendant on re-trial of the crime charged in the indictment where on the first trial he had been convicted of a lesser included offense, require a result different from that which we have here reached.

2. On the first trial of the case, no plea of insanity was filed. After defendant was convicted, sentence was imposed and while the motion for new trial was pending appellant filed a special plea of insanity in which he contended that he was insane at the time the crime was committed. Upon his re-trial, the ques-

tion of his sanity at the time the crime was committed was raised as a defense. The attorney who represented defendant on the former trial testified that it was his opinion that the defendant had a mental defect. On cross examination by the State's attorney he was asked why he had not raised the issue of insanity as a defense on the first trial. This question was objected to on the ground that it was not relevant, was highly improper and was prejudicial. That objection was overruled and the witness answered that he had not made such a defense because his client had insisted that such a defense not be made. The State was entitled to a thorough and sifting cross examination of the witnesses called on behalf of the defendant. *Code* § 38-1705. As against the objection interposed, it was not error to permit the witness to answer the question propounded to him. *Salisbury v. State*, 222 Ga. 549 (1) (150 SE2d 819); *Smith v. State*, 224 Ga. 750 (4) (164 SE2d 784).

3. The evidence was sufficient to sustain the verdict finding the defendant guilty.

*Judgment affirmed. All the Justices concur.*
Argued December 16, 1970—Decided March 4, 1971.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Tony H. Hight, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.