## 26632. LADD v. THE STATE.

HAWES, Justice. The defendant was convicted of the offense of robbery by use of an offensive weapon. He appealed from the judgment of conviction and the sentence imposed upon him, enumerating four grounds of error.

1. Prior to the commencement of the trial a conference was held in the chambers of the trial judge between the district attorney, defendant's attorneys, the defendant and the trial judge. One of the attorneys for the defendant requested that the court permit him to conduct a limited reasonable voir dire examination of all the prospective jurors in the case prior to striking any of them, to which request the court replied, "I think that procedure would be all right." Thereafter, when the panel of jurors had been qualified as to their relationship by blood or marriage to the defendant, his co-indictee and to the victims of the robbery, and after the State had examined one prospective juror and had excused him for cause and had examined another juror and put him upon the defendant, the following colloquy occurred: "Mr. Smith: If it please the court, I believe I did not make myself sufficiently clear a moment ago when I inquired if the court would allow me to ask certain questions on voir dire of each witness before they were put upon us, to either strike— The Court: Each witness? Mr. Smith: Yes, sir—I mean, pardon me, each juror. By that I mean, allow us to go through the entire panel asking questions on voir dire before they're put upon us. The Court: I don't know of any provision that—can't you do it satisfactorily, lawfully, one at a time. That's the way it's always been done. Mr. Smith: Yes, Your Honor. I am not satisfied that we could do that, because we feel like that there may be jurors further down on here who would be more responsive to our questions than certain ones at the top. The Court: Well, you could ask them; ask any juror with any reasonable range any questions touching their competency as a juror, or satisfy yourselves or your clients as

to whether or not you would be satisfied with them. I don't think we should go all through the entire list of jurors, and then come back and then start striking all over. Mr. Smith: That's what I'm requesting, Your Honor, we be allowed to do. The Court: Well, I believe whatever rights; all of the rights of the defendant can be determined by calling up the jurors one by one, and so we'll—the State says this juror's on you so you may question him. Mr. Smith: All right, Your Honor, thank you." Defense counsel then proceeded to examine the juror and at the conclusion thereof announced that he accepted him, and thereafter examined the prospective jurors, one by one, after the State had put them upon the defendant, either accepting or rejecting them until twelve jurors were selected.

In *Blount v. State,* 214 Ga. 433 (3) (105 SE2d 304), this court held, in construing the provision of the 1951 Act embodied in *Code Ann.* § 59-705 that that law means, "that the defendant in a criminal case shall have the right to an individual examination of all the jurors before making a challenge to any of them," and that the Act does not leave it to the discretion of the judge as to whether the defendant shall have such right but that it is mandatory upon the court. That ruling was reaffirmed in *Ferguson v. State,* 218 Ga. 173, 174 (126 SE2d 798). The district attorney contends that the colloquy which we have quoted above shows that counsel for the defendant waived the right by proceeding to examine the jurors after the judge ruled that he did not have the right contended for. However, it is apparent from a reading of this colloquy that counsel for the defendant was still insisting upon the right to examine all the jurors before striking any of them, and that he desisted from his insistence upon that point only after the trial judge had announced his decision denying him that right. Under Rule 23 of the Rules of the Superior Courts (*Code Ann.* § 24-3323), counsel for the defendant could not have further pressed his point in this regard without risking

being held in contempt. To hold that when he thereafter proceeded to examine and accept or reject prospective jurors from the panel instead of refusing to proceed with the trial, he thereby acquiesced in the ruling of the court and waived the right upon which he was relying would require him to make a perilous election as to the procedure he would follow in insisting upon the rights of his client, and we will not hold that, in proceeding as he did, he waived his objection to such procedure. Under the decisions cited above, the ruling of the trial court was error and requires the grant of new trial.

2. Defendant complains that the trial court committed error in permitting portions of the transcript of the proceedings in a prior hearing of this case to be read into evidence. It appears that defendant had previously entered a plea of guilty to the charge for which he was here on trial and had been sentenced under that plea. Thereafter, the sentence was set aside in a habeas corpus proceeding and defendant was permitted to change his plea from one of guilty to not guilty and this trial resulted. The substance of the portion of the transcript read into evidence contained a solemn admission, though not under oath, by the defendant of his guilt of the offense for which he was on trial. The only objection by the defendant to the admission of this evidence was that his confession embodied in his statements before the court on the previous hearing was not voluntary. The portion of the transcript read into the evidence in this case, however, showed an extensive examination of the defendant by the trial judge who received his plea of guilty, including a careful inquiry by the judge of the defendant himself to ascertain that he had been accorded all of the rights guaranteed to him by the Constitution under the principles announced in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974). Before this evidence was admitted to the jury, the trial judge here held an extensive and lengthy Jackson v. Denno (378 U. S. 368 84 SC 1774, 12 LE2d 908, 1 ALR3d 1205) hearing to de-

termine for himself the voluntariness of the admission. While the evidence was in conflict it cannot be said that the trial judge was not authorized to find that the confession or admission made by the defendant before the court when he was before the court for sentencing under his plea of guilty was voluntary, and he did not err in permitting this evidence to be presented to the jury.

3. Over objection of the defendant, the Sheriff of White County was permitted to testify regarding certain statements made by the defendant under the following circumstances: Defendant and those indicted with him were seated in the courtroom at Gainesville, Georgia, waiting for the judge to come in and receive defendant's plea of guilty as referred to in the preceding headnote. The sheriff, the witness whose testimony is here complained of, entered the courtroom and took a seat on a bench one or two rows in front of that upon which the defendant and his co-indictees were seated. While he was thus seated in the courtroom he overheard a conversation between the defendant and his co-indictees about which he testified, which conversation contained incriminating admissions by the defendant. The defendant was permitted thereafter to take the stand in rebuttal and in his unsworn supplemental statement then made to the jury admitted making the statement as testified to by the sheriff and stated that it was made solely for the purpose of being overheard by the sheriff. He then sought to explain the statement. Clearly, this statement was not made as a result of in-custody interrogation and there was no duty on the part of the sheriff to warn the defendant before he made such statement. The admission of this evidence was not error.

4. The sentence imposed upon the appellant upon his plea of guilty in the first instance was to serve 20 years in the penitentiary, that sentence to run concurrently with a 7-year sentence which the appellant was then serving. Upon his conviction on this trial, he was sentenced to serve 20 years, said sentence to run consecutively with

the 7-year sentence. Appellant contends that the imposition of a harsher sentence than was first imposed violates "due process of law under the Constitution of the United States" unless the record affirmatively reveals reasons of the trial judge for imposing a harsher sentence. This is substantially the same contention that was made before this court in *Chaffin v. State,* 227 Ga. 327 (180 SE2d 741). In the first division of the opinion in that case, we held adversely to this contention and demonstrated therein the inapplicability to the facts there of the case of North Carolina v. Pearce, 395 U. S. 711 (89 SC 2072, 23 LE2d 656). What was said there is applicable to this case. There is no merit in appellant's contentions in this regard.

5. For the reasons set forth in the first division of this opinion, the judgment of conviction must be reversed.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1971—DECIDED OCTOBER 7, 1971.

*Smith & Smith, Douglas E. Smith,* for appellant.

*Jeff C. Wayne, District Attorney, J. Nathan Deal,* for appellee.