47199. ROZIER v. THE STATE.

*Edwin M. Saginar,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Joel M. Feldman, Morris H. Rosenberg,* for appellee.

CLARK, Judge. Appellant was tried and convicted of criminal attempt to commit burglary.

This is the second appearance of the case in this court. The first trial, which also resulted in a conviction for criminal attempt, was reversed for new trial in *Rozier v. State,* 124 Ga. App. 481 (184 SE2d 203).

■ The first enumeration of error, which asserts error in the denial of a motion for mistrial, is based on testimony elicited by counsel for the defendant during cross examination of a witness for the State, to wit: "Q. Let me rephrase it then. You don't know what type of car we are dealing with? A. I am pretty well sure what it was, yes. Q. You just stated a moment ago you weren't sure. A. I didn't state a moment ago. I said I thought it was a Chevrolet and changed it to a Plymouth later on. Q. When was later on? A. During the last trial."

The mistrial motion argued that the jury was thereby apprised that this was not the first time defendant had been tried for this offense. The court denied the motion, stating "You asked the question and he answered it." The argument is made that such knowledge by the jury does damage to the presumption of innocence to which a criminal defendant is entitled until negated by legally admissible evidence.

There was no error. Where counsel elicits testimony unfavorable to his client, he will not be heard to object to it, no matter how prejudicial it may be, if it is a direct and pertinent response to the question propounded. *Thomas v. State,* 213 Ga. 237, 239 (98 SE2d 548); *Potts v. State,* 86 Ga. App. 779 (3) (72 SE2d 553); *Scott v. State,* 57 Ga. App. 187 (1)

(194 SE 844). Furthermore, the mere fact there has been a prior trial is not per se objectionable.

■ The remaining enumerations of error deal with a defendant having received a longer sentence upon the second trial than had been the result of the first. At the first trial the jury's verdict was for 10 years, the maximum permitted on this crime, but the court had entered a judgment thereon whereby he was to serve seven years computed from date of arrest, three years being suspended subject to good behavior. During the sentencing portion of the second trial able defense counsel who handled the first appeal, second trial and this appeal under appointment for an indigent, called the court's attention to the previous sentence and relying upon his interpretation of the U. S. Supreme Court's case of North Carolina v. Pearce, 395 U. S. 711 (89 SC 2072, 23 LE2d 656), requested the jury to be instructed that the sentence could not exceed seven years. The judge declined. The jury returned a verdict for eight years imprisonment which was made the judgment of the court.[1]

Two years prior to the Pearce case our Supreme Court had ruled in *Salisbury v. Grimes,* 223 Ga. 776 (158 SE2d 412) that it was not a denial of the Fourteenth Amendment equal protection requirement for a jury to impose a harsher sentence following a successful appeal and award of a new trial. That view was followed by the Court of Appeals for the Fifth Circuit when relief was sought in the Federal jurisdiction. Salisbury v. Grimes, 406 F2d 50.

After the Pearce case our Supreme Court was called upon in *Chaffin v. State,* 227 Ga. 327 (1) (180 SE2d 741) to pass on this question. It pointed out that the Pearce case held "that the guarantee against double jeopardy does not restrict the length of sentence which may be imposed upon reconviction, and that imposition of a more severe

---

[1]Note is to be taken of the discussion by Justice Potter Stewart at page 718 of the U. S. Supreme Court's opinion relating to "crediting" time served in the imposition of sentence upon a new conviction for the same offense.

sentence upon retrial does not violate the equal protection clause of the Fourteenth Amendment." When this same case was presented in the Federal jurisdiction as reported in Chaffin v. Stynchcombe, 455 F2d 640, the Federal appellate court approved the rulings of our Georgia tribunal. It discussed the Pearce case in the light of the correct interpretation being the question of retaliatory vindictiveness by the sentencing judge which does not exist in a case like the present where there is a different jury and a different judge for the second trial. As was well said in Salisbury v. Grimes, 406 F2d 50, supra, p. 52: "In our view, it would be wholly incongruous, and without constitutional foundation, to hold that a state is forever bound by and may not increase a jury imposed sentence but that the defendant may nevertheless shoot for its reduction with a guarantee in advance that the next jury cannot increase the penalty, although acting on the evidence it has heard and entirely free of any knowledge from which it might impose punishment for taking the appeal. . . We do not believe, however, that they are constitutionally entitled to this kind of a 'heads I win, tails you lose' rule . . ." See also *Ladd v. State*, 228 Ga. 113 (184 SE2d 158).

"Retributive justice," a misnomer based on an eye for an eye and a tooth for a tooth, has no place in today's enlightened criminal jurisprudence. "Retaliatory vindictiveness" is likewise taboo and is not likely to exist where the re-trial is with a new jury and different judge with the right of both parties to present additional evidence, other witnesses, and even a completely dissimilar theory.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*