S91A0156. PETERS v. THE STATE.
(405 SE2d 255)

FLETCHER, Justice.

The defendant, Arthur James Peters, was convicted of the felony murder of nine-year-old Tonya Holsey while in the commission of an aggravated assault and sentenced to life imprisonment. He was also convicted of the offenses of cruelty to child, child molestation, enticing a child for indecent purposes, and concealing the death of another, for which he was sentenced to terms of years.[1]

---

[1] The crimes were committed on October 23, 1988. The defendant was indicted on June

The defendant had lived with the victim's sister, Andria Holsey, for approximately two years. The victim and another sister lived with them for part of this time. One month before the victim's death, Ms. Holsey left the defendant, taking her sisters with her. Several members of the victim's family testified that the defendant had threatened to kill Ms. Holsey and all members of her family if she ever left him. The victim's brother testified that the defendant threatened to kill the victim first, should Ms. Holsey leave him.

On the day of her death the victim was staying with a family friend. The victim indicated that she wanted to go to the house on Cedar Avenue where she had lived with the defendant and her sister. The friend with whom she was staying instructed her not to go there, but a witness testified that he saw the victim playing in the alley behind Cedar Avenue near her former residence around 5:00 p.m. The same witness testified he observed the defendant near that alley around 5:00 p.m., but he did not see the victim and defendant together.

Michael Sessions testified that he went to the house on Cedar Avenue to smoke cocaine the day of the murder. As he approached the front door, he heard a scream come from inside. He asked the defendant if there was a girl in the house, but the defendant said there was not. Later that evening the victim's mother went with her boyfriend to the house on Cedar Avenue where they smoked cocaine. Both testified that the defendant came into the house and went into the bedroom where the victim's body was subsequently discovered. When he came out, he asked them if they smelled "anything stinking."

The following day Michael Sessions and several other men went to the Cedar Avenue house to smoke cocaine. The defendant went into the bedroom where the victim's body lay; when he came out he asked the group if anyone "smelled anything." While the defendant was in this bedroom, Sessions opened the bedroom door, but the defendant told him to go back into the living room. Sessions further testified that when he suddenly realized that the defendant was gone, he and his companions left the house. About ten minutes later he saw the police arrive at the Cedar Avenue house.

Lawrence Edwards, who was in jail with the defendant, testified that the defendant told him he was attempting to get the victim to perform an act of oral sex when she began to scream. According to Edwards, the defendant stated he put his hand over the victim's

7, 1989, and came to trial on September 19, 1989. He was convicted and sentenced on September 21, 1989. His motion for new trial was filed on October 17, 1989, and amended on May 8, 1990. The record was filed in this court on October 31, 1990, and the case was orally argued on January 22, 1991.

mouth when he heard Sessions arrive at the door, and he thought the victim "had fell out." The defendant then put some clothes over the victim's body.

The defendant testified in his own behalf that he lived at his mother's home, but that he went to the Cedar Avenue house daily to retrieve the mail. The defendant testified that he was at his mother's house at the time when the murder allegedly occurred. He testified that he discovered the victim's body when he went into the bedroom to get some clothes and that he immediately called the police.

Medical evidence showed that the victim sustained multiple abrasions on her face and neck and that the cause of death was manual strangulation. The time of death was determined to be between 6:00 p.m. and midnight. There was expert testimony that head hair found in the victim's right hand was consistent with the defendant's head hair.

1. Under the foregoing evidence, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of each of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Prior to the commencement of trial the trial court stated that it "would cause less confusion" if the parties would voir dire and strike the jurors in the first panel of 12, excusing those not selected, then proceed to the next panel of 12 using the same procedure until a jury was selected. Defense counsel immediately stated that he "would rather not" strike the jury in this fashion because of the need "to compare the prospective jurors 1 to 42 instead of the 12. . . ." The trial court called a bench conference which was not transcribed. The parties then proceeded with voir dire, striking jurors from each panel of 12.

On appeal the defendant argues that this procedure is in violation of OCGA § 15-12-133 and *Ladd v. State*, 228 Ga. 113 (184 SE2d 158) (1971). The State argues that the defendant failed to adequately complain about any error and therefore may not raise this issue on appeal.

We do not agree that the defendant waived objection to this issue. Id. at 114. Rather, the record shows that the defendant stated he did not wish to follow this procedure because of the need to compare all the jurors at once rather than to compare them 12 at a time. Furthermore, we agree with the defendant that under OCGA § 15-12-133, "the defendant shall have the right to an individual examination of *each juror from which the jury is to be selected prior to interposing a challenge.*" (Emphasis supplied.) As was held in *Ladd*, supra, "the Act does not leave it to the discretion of the judge as to whether the defendant shall have such right but . . . it is mandatory upon the court." Id.

Under the above authority the procedure utilized to strike the jury was in error and requires the grant of a new trial.

3. The defendant was indicted for four separate counts of felony murder, the underlying felonies being aggravated assault, cruelty to child, child molestation and enticing a child for indecent purposes. The jury found the defendant guilty of the first count of felony murder in that he "did while during the commission of a felony, to wit: aggravated assault, cause the death of Tonya Holsey, a human being, by strangulation."

The trial court charged the jury that if it believed beyond a reasonable doubt that the defendant committed the homicide while engaged in the commission of the felony of aggravated assault, it would be authorized to find him guilty of murder. The trial court then explained that a person commits aggravated assault when he assaults another person "*with the intent to rape* or with any object, device or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." (Emphasis supplied.)

This charge might have led the jury to believe that it was authorized to find the defendant committed felony murder while engaged in an assault with intent to rape the victim. However, the indictment failed to put the defendant on notice that he could be convicted of this crime. "It is axiomatic that a conviction upon a charge not made . . . constitutes a denial of due process." *Jackson v. Virginia*, supra at 314; *Crawford v. State*, 254 Ga. 435 (330 SE2d 567) (1985). It cannot be determined from the verdict whether the jury impermissibly found the underlying felony to be assault with intent to rape. Therefore, on retrial this charge should not be given in this manner.

4. Fourteen of the other errors alleged by the defendant were not objected to at trial and therefore were not preserved for review. *Hardeman v. State*, 252 Ga. 286 (313 SE2d 95) (1984). Other evidence now complained of was elicited by defense counsel on cross-examination or error was otherwise induced by the defense. The remaining errors enumerated are either without merit or unlikely to recur on retrial.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 27, 1991.

*Underwood & Mathis, B. C. Mathis, Jr., Beauchamp & Associates, Kermit`S. Dorough, Jr.,* for appellant.

*Britt R. Priddy, District Attorney, John L. Tracy, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Mary Beth Westmoreland, Senior Assistant Attorneys General,*

*Paula K. Smith, Assistant Attorney General,* for appellee.