210 Ga. 523 (1954)
81 S.E.2d 467
HEARD
v.
THE STATE.
18527.
Supreme Court of Georgia.
Submitted March 8, 1954.
Decided April 12, 1954.
Faine Chambers, Ben F. Smith, for plaintiff in error.
H. G. Vandiviere, Solicitor-General, H. L. Buffington, Jr., Eugene Cook, Attorney-General, Rubye G. Jackson, contra.
*527 HAWKINS, Justice.
1. The motion to quash the indictment in this case, based upon grounds which are proper matters for challenge to the array of the grand jurors, was properly denied by the trial judge, it appearing from the record that the defendant was arrested and placed in jail on September 7, 1953, that counsel for the defendant were present and participated in a commitment trial of the defendant on September 11, 1953, involving the offense for which the indictment was returned on September 15, 1953, and, therefore, that the defendant and his counsel had ample notice and opportunity to present such grounds by a challenge to the array of the grand jury. Turner v. State, 78 Ga. 174, 177 (1); Fisher v. State, 93 Ga. 309 (20 S. E. 329); Edwards v. State, 121 Ga. 590 (2) (49 S. E. 674); Folds v. State, 123 Ga. 167 (51 S. E. 305); Tucker v. State, 135 Ga. 79 (68 S. E. 786); Harris v. State, 191 Ga. 243, 249 (5) (12 S. E. 2d 64).
2. A Negro, or a member of any other race, who is on trial is not entitled to a mixed jury composed of members of his own race and members of the white race, and the arbitrary, systematic, and purposeful exclusion of members of his race from his jury cannot be inferred merely from the fact that no one of that race is on such jury. No such right to a mixed jury is guaranteed by the due-process and equal-protection clauses of either the Constitution of the United States or of this State. Neal v. Delaware, 103 U. S. 370 (26 L. ed. 567); Gibson v. Mississippi, 162 U. S. 565 (16 Sup. Ct. 904, 40 L. ed. 1075); Martin v. Texas, 200 U. S. 316 (26 Sup. Ct. 338, 50 L. ed. 497); Watkins v. State, 199 Ga. 81 (33 S. E. 2d 325); 31 Am. Jur. 619, § 86.
3. The manner and methods prescribed by statute in this State for the selection of names of persons to be placed in the petit jury box and to serve on the petit jury are fully discussed in the opinions of this court in Watkins v. State, supra, and Avery v. State, 209 Ga. 116 (70 S. E. 2d 716), and what is there said and held need not be repeated here. Applying the rulings there made to the facts of the instant case, the trial court was authorized to find that there had been no arbitrary, systematic, *524 and purposeful exclusion of or discrimination against members of the Negro race in the selection and impaneling of the petit jurors placed upon the defendant, and to overrule the defendant's challenge to the array. Code § 59-803; Harris v. State, supra. While the Avery case, supra, was reversed by the Supreme Court of the United States in Avery v. Georgia, 345 U. S. 559 (73 Sup. Ct. 891, 97 L. ed. 1244), such reversal was solely because of the use in the jury box of slips of different colors upon which the names of white and Negro jurors were written, and no such state of facts is shown to have existed in the present case.
4. The testimony of the alleged injured female made out a case of rape against the defendant. Her testimony was corroborated by proof to the effect that the defendant was seen by others at a nearby neighbor's house shortly before the time the offense is alleged to have been committed; that the county truck which he was driving on the occasion in question was seen parked at or near the scene of the crime at the time of its alleged commission; that the female alleged to have been raped went to the home of her neighbor within a few minutes after the time the crime is alleged to have been committed, crying and highly nervous, and made a report of what had occurred; that she was carried to a hospital by a friend and members of her family where she was examined by a physician who testified that spermatozoa or male sperm was found in her vagina; and by the implied admission of the defendant by his failure to deny the statement made in his presence at the time he was carried to the sheriff's office to be placed in jail that he had raped a white woman. Harper v. State, 201 Ga. 10, 19 (39 S. E. 2d 45); Lee v. State, 197 Ga. 123 (28 S. E. 2d 465).
5. There was sufficient evidence to authorize the verdict of guilty, and the trial judge did not err in overruling the general grounds of the motion for a new trial.
Judgment affirmed. All the Justices concur.