21578. COBB v. THE STATE.

Argued March 12, 1962—Decided May 14, 1962—
Rehearing denied May 28, 1962.

*D. L. Hollowell, Horace T. Ward,* for plaintiff in error.

*George D. Lawrence, Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.

QUILLIAN, Justice. ■ The general grounds of the motion for new trial were not orally argued or discussed by brief filed in behalf of the defendant in this court. It follows that the general grounds must be treated as abandoned.

■ The single exception now before this court is that the rights of the defendant guaranteed by the Fourteenth Amendment to the Constitution of the United States were denied him because he was a Negro, and Negro citizens of Jasper County eligible for jury duty were systematically excluded from the grand jury that indicted him and the jury before whom he was tried. This court has consistently held that the illegal exclusion of a segment of citizens on account of race or color is grounds for timely challenge to the array of grand jurors and traverse jurors, and in some cases the objection to the grand jury may be interposed by a plea in abatement. *Wilson v. State,* 69 Ga. 224; *Crumb v. State,* 205 Ga. 547 (54 SE2d 639).

■ Objection to the composition of a grand jury must be raised, if at all, by challenge to the array duly presented before the indictment is returned or by plea in abatement filed before arraignment. A like objection to the traverse jury "put upon" the accused in a criminal case must be raised by challenge to the array at the earliest opportunity the defendant has to avail himself of that right.

Ordinarily the issue as to whether a particular segment of citizens eligible for jury duty has been systematically excluded from the jury box of the county can not be raised for the first time after the trial, verdict of guilty and imposition of sentence by motion for new trial. "It is settled law in this State that, when a panel of jurors is put upon the prisoner, he should

challenge the array for any cause which would go to show that it was not fairly and properly put upon him, and that if he fails to do so, the objection is waived and can not thereafter be made a ground of a motion for new trial. See *Lumpkin v. State*, 152 Ga. 229 (109 SE 664); *Cornelious v. State*, 193 Ga. 25 (17 SE2d 156); *Cumming v. State*, 155 Ga. 346 (117 SE 378); *Moon v. State*, 68 Ga. 687." *Williams v. State*, 210 Ga. 665, 667 (82 SE2d 217); remanded for reconsideration, 349 US 375 (75 SC 814, 99 LE 1161); reaffirmed, 211 Ga. 763 (88 SE2d 376); certiorari denied, 350 US 950 (76 SC 326, 100 LE 828).

■ An exception to this rule recognized by this court, and the Supreme Court of the United States, is that, where a person accused of a crime is not afforded the opportunity to make appropriate objections to the illegal composition of the grand jury or the traverse jury before indictment or during the progress of the trial, he may raise the issue by motion for new trial or by habeas corpus proceedings.

Counsel for the defendant contend that he was not given a fair opportunity to raise the question that the members of his race, qualified to serve as grand and petit jurors, were systematically excluded from the grand jury that indicted him and the petit jury before whom he was tried. They insist: (a) that the defendant was, at the time of indictment and trial, an ignorant Negro boy only fifteen years old, without the slightest knowledge of his constitutional rights or the manner in which the law required they be asserted; (b) that the court-appointed counsel who conducted the accused's defense on the trial of the case was inexperienced in raising the issues as to race discrimination in selecting the grand and traverse juries (whether there was discrimination in excluding Negroes from the jury boxes of the county on account of their race), and was incapable of raising the issue; (c) that the court-appointed white lawyer, who being at the time of trial in a rural community where his fee-paying clients were predominately members of his own race, could not, for economic reasons personal to himself, be expected to challenge the array of either the grand jury or the traverse jury, by plea in abatement, or by other appropriate method protest that the names of Negroes competent and eligible for jury service

were by discriminatory practices omitted from the jury lists and excluded from the jury boxes of the county; (d) that the defendant did not personally waive any constitutional or legal right; (e) that the court-appointed counsel was not clothed with authority to waive the particular constitutional right of the defendant to have the names of members of his race in the jury box, and that his failure to protest that point before indictment or while the case was in progress did not constitute a waiver of the defendant's rights as to that matter.

The insistence that where, as in the case under review, the accused on account of youth, inexperience, and ignorance was incapable of comprehending what his constitutional rights were, but that nevertheless his personal assent to any waiver of the same was necessary in order that he be precluded from insisting upon the same by motion for new trial made subsequently to indictment, trial, and conviction, and could not be waived by counsel who conducted his trial are decided adversely to the defendant in reported opinions of this court and the Supreme Court of the United States. In the case of Michel v. Louisiana, 350 US 91 (1, 2) (76 SC 158, 100 LE 83), it is held: "Louisiana law requires that objections to a grand jury be raised before the expiration of the third judicial day following the end of the grand jury's term or before trial, whichever is earlier. After expiration of the time allowed, these three Negro petitioners moved to quash their indictments on the ground that there was systematic exclusion of Negroes from the grand juries which indicted them. Their motions were denied and each was convicted of a capital offense. *Held:* In the circumstances of these cases, application of the rule to these petitioners did not violate the Fourteenth Amendment.

"Michel was indicted on February 19 and presented for arraignment on February 23. He appeared without counsel, and arraignment was continued for one week. The record shows that counsel was appointed for him on March 2, the date the grand jury term expired. Counsel contended that he did not consider himself appointed until March 5, when he received written notice from the court. The motion to quash, not filed until March 9, was denied as being out of time. *Held:* The finding of the lower courts that counsel was appointed March 2 is sus-

tained. Since the appointed counsel, a lawyer experienced in state criminal practice, had adequate time to file the motion after his appointment, application of the rule was not unreasonable."

■ There are few better settled principles of criminal jurisprudence than that where the accused has attained the age when he may be legally put upon trial for a criminal offense, but lacks intelligence, experience, or knowledge sufficient to enable him to decide upon whether the waiver of a legal or constitutional right is beneficial to his defense, such waiver may be made in his behalf by counsel appointed by the court to defend him. Michel v. Louisiana, 350 US 91, supra; *Wilcoxon v. Aldredge*, 192 Ga. 634 (15 SE2d 873). See also *Wilcoxon v. Aldredge*, 193 Ga. 661 (19 SE2d 499).

Where, as here, the defendant knows nothing of his rights or whether it would be strategically wise to waive them in certain situations, it would be to require a vain and useless thing that he personally consent to such waiver. If appointed counsel had been compelled to consult and be controlled by the directions given him by his client, who was only fifteen years old, and according to his own insistence, knew nothing of law, courts or legal procedure, his usefulness would have been destroyed and the defendant would not have been represented by counsel within the meaning of Art. I, Sec. I, Par. V of the Georgia Constitution (*Code Ann.* § 2-105).

■ The issues as to whether the court-appointed counsel had ability to raise the issue as to the illegal composition of the grand and traverse juries of Jasper County, and whether he was derelict in the performance of his obligation to the defendant in not raising the issues were heard and determined adversely to the defendant by the trial judge. The judge had submitted to him evidence sufficient to support his findings that the appointed counsel, a man of unquestionable integrity, was an able attorney of long experience, skill, and ability, and that he was not derelict to his duty in defending the accused.

*Judgment affirmed. All the Justices concur.*