22016.   CHANDLER v. THE STATE.

ARGUED MAY 13, 1963—DECIDED MAY 29, 1963—
REHEARING DENIED JUNE 18, 1963.

*S. B. McCall, Edward Parrish,* for plaintiff in error.

*Bob Humphreys, Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.

QUILLIAN, Justice. ■ Grounds 1 and 2 of the amended motion complain that the trial judge omitted reference to *Code Ann.* § 27-1503 (Ga. L. 1952, p. 205) and *Code* § 26-301 from his charge to the jury. The provisions of each of the statutes are applicable where there is an issue as to whether the defendant is insane or incompetent to commit the crime charged in the indictment.

In the case sub judice while the testimony of the defendant's witnesses was in conflict as to whether he was a person of average or low intelligence, there was no evidence, nor inference that could be drawn from the evidence or the defendant's statement that the defendant did not possess sufficient mind and reason to distinguish between right and wrong; that he was afflicted with any form of insanity or was otherwise incapable or incompetent to commit the crime of murder. As to the measure of mentality

■

to render a person accountable for crime, see *Mullins v. State,* 216 Ga. 183, 186 (115 SE2d 547); *Goosby v. State,* 153 Ga. 496 (1) (112 SE 467); *Summerour v. Fortson,* 174 Ga. 862 (4) (164 SE 809); *Reece v. State,* 212 Ga. 609 (3) (94 SE2d 723).

The evidence presented no issue to which *Code Ann.* § 27-1503 or *Code* § 26-301 has reference. The judge in charging the jury properly refrained from alluding to rules of practice and principles of law not applicable to issues of the case. *Mandell v. Fulcher,* 86 Ga. 166 (4) (12 SE 469); *Green v. State,* 124 Ga. 343 (8) (52 SE 431); *Culberson v. Alabama Construction Co.,* 127 Ga. 599 (1) (56 SE 765, 9 LRA (NS) 411, 9 AC 507); *York v. Stonecypher,* 181 Ga. 435, 437 (1) (182 SE 605); *Paul v. State,* 186 Ga. 858 (2) (199 SE 206); *Clark v. Griffon,* 207 Ga. 255, 260 (61 SE2d 128). The grounds are without merit.

■ Ground 3 of the amended motion for new trial complains that the trial judge permitted a written confession of the defendant which had been admitted into evidence to be sent to the jury room and to remain there while the jury deliberated. The record discloses this was done by the express agreement of the defendant's counsel made with the solicitor general in open court. With exceptions not applicable here, that to which opposing counsel agree during the progress of a trial cannot be assigned as error. *Stone Mtn. Confederate Assn. v. Smith,* 170 Ga. 515, 521 (153 SE 209). Also as to waiver of right by failure of counsel to object, see *Swain v. State,* 162 Ga. 777 (6) (135 SE 187); *Cobb v. State,* 218 Ga. 10, 24 (5) (126 SE2d 231).

■ The evidence submitted upon the trial of the case authorized the conclusions that the defendant slew the deceased with malice aforethought; that the motives of the killing were revenge and robbery; that there was no justification for the crime and no circumstances of mitigation attended its commission. The evidence amply supported the verdict and the judge did not err in overruling the general ground of the motion for new trial.

*Judgment affirmed. All the Justices concur.*