22307. GRIMES, Sheriff v. HARVEY.

ARGUED JANUARY 15, 1964—DECIDED FEBRUARY 10, 1964.

*Harold Sheats,* for plaintiff in error.

*Ben S. Atkins,* contra.

GRICE, Justice. We review here a judgment discharging the petitioner upon a writ of habeas corpus after she had been adjudged in contempt of court.

The petitioner, Louise Coker Harvey, filed her petition in the Superior Court of Fulton County against T. Ralph Grimes, sheriff of that county. She alleged, in particulars material here, that her detention was due to citation for contempt of an order of November 30, 1961, by the Judge of the Juvenile Court of Fulton County, and that confinement was ordered by said judge

on September 23, 1963; that the 1961 order is illegal since it ordered her to pay a stated sum weekly for the care and maintenance of her minor children when in fact she is married to their father, who under *Code* § 74-105 has the duty to maintain and support them; and that the subsequent 1963 citation and order based on that 1961 order is thus illegal also.

The Sheriff's response denied that the petitioner was being detained illegally and averred that such court orders are lawful.

Upon the hearing evidence was introduced as to the proceedings which had taken place in the juvenile court. Documentary evidence included the original complaint of neglect against the petitioner and her husband, the 1961 orders requiring that each make specified weekly payments, and the 1963 citation and order adjudging her in contempt and imposing a fine and imprisonment. Testimony was given by the petitioner, the juvenile court judge, and the bookkeeper of that court as to facts and circumstances transpiring in connection with each of those proceedings. The evidence was undisputed that petitioner had not made the payments required by the 1961 order. By her testimony she sought to justify her failure to pay.

Thereafter, the superior court judge entered a statement in which he reviewed the evidence above referred to and recited the reasons he believed that petitioner should not have been adjudged in contempt. Then, he ordered that she be released.

In so ordering, he erred. The 1961 order requiring petitioner to make the maintenance and support payments and the 1963 order adjudging her in contempt for failure to do so were not excepted to or otherwise appealed. Therefore, the superior court trial judge had no jurisdiction, upon this subsequent habeas corpus hearing, to review evidence and from it determine whether either of those orders should have been entered.

Controlling here is the firmly established rule that a writ of "habeas corpus can not be used as a substitute for appeal, writ of error, or other remedial procedure for the correction of errors or irregularities alleged to have been committed by a trial court." *Baker v. Dixon,* 213 Ga. 709, 710 (100 SE2d 909). Habeas corpus is the appropriate remedy "only when the court was without jurisdiction in the premises, or where it exceeded

its jurisdiction in making the order, rendering the judgment, or passing the sentence by virtue of which the party is imprisoned, so that such order, judgment, or sentence is not merely erroneous, but is absolutely void." *Wallace v. Foster*, 206 Ga. 561 (57 SE2d 920).

For the reasons stated above, the judgment of the superior court is reversed with direction that the petitioner be remanded to the custody of the respondent.

*Judgment reversed with direction. All the Justices concur.*