23114. BALKCOM, Warden v. ROBERTS.

Argued September 14, 1965—Decided September 22, 1965.

*Arthur K. Bolton, Attorney General, Peyton S. Hawes, Jr., Assistant Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General,* for plaintiff in error.

*Rich, Bass & Kidd, Casper Rich,* contra.

CANDLER, Presiding Judge. This is a habeas corpus case which Marvin Roberts brought against R. P. Balkcom, Jr., the warden of Georgia's Reidsville Penitentiary, in which it is alleged that he is being detained under a void 20-year sentence imposed on him in 1951. The record shows: Roberts, an illiterate white man 30 years old and who had only completed the second grade in school, was indicted for rape where the indictment against him alleged that he did in White County on July 1, 1951, have carnal knowledge of a named female, under fourteen years of age, forceably and against her will, without having previously become lawfully married to her. The court appointed two members of the Cleveland Bar to represent him, namely C. H. Edwards and Thomas F. Underwood. He was tried and convicted of the offense charged and the jury fixed his punishment at from 20 to 20 years in the penitentiary. No motion for new trial was filed for him and he began serving his sentence in a public works camp on November 11, 1951. He escaped from prison on January 20, 1952, went to California and from there back to Texas where he was apprehended and returned to the Reidsville Prison. He has served approximately seven months of his sentence. At the hearing of his habeas corpus proceeding, Roberts testified that he, at the conclusion of his trial, asked one of his attorneys, Mr. Edwards, who is now dead, to file a motion for new trial for him but that Mr. Edwards made no reply to his request. So far as the record shows he did not ask Mr. Underwood, his other attorney, who is now in life, to seek a new trial for him. His petition for the writ of habeas corpus alleges that he did not have and was not furnished adequate counsel prior to or during his trial and for that reason was denied rights guaranteed him by the Fourteenth Amendment to the Constitution of the United States (*Code* § 1-815) and Art. I, Sec. I, Par. V of the Constitution of this State (*Code Ann.* § 2-105). However, Roberts offered no evidence showing, or even so much as tending to show, that his court-

appointed counsel were not competent and experienced attorneys. Judge Carr of the City Court of Reidsville tried this habeas corpus case and sustained the prisoner's prayer for a release from respondent's custody. His order in part reads: "and it further appearing that his court-appointed counsel after request by petitioner made no appeal from this verdict and the consequent sentence, the said sentence is hereby declared null and void, and the petitioner is hereby remanded to the custody of the authorities of White County, Georgia, so that he may be legally tried for the alleged offense. The said authorities of White County, Georgia, shall have 10 days from the date of this order to obtain custody of said petitioner from said respondent, and if said authorities do not obtain custody thereof within said 10 days period, then the respondent is hereby ordered to discharge the petitioner absolutely." The respondent appealed Judge Carr's judgment to this court for review.

Habeas corpus is an available remedy to attack a void judgment in a criminal case. *Fleming v. Lowry,* 173 Ga. 894 (1) (162 SE 144); *Henson v. Scoggins,* 203 Ga. 540 (1) (47 SE2d 643). The prisoner contends that the 20 to 20 year sentence imposed upon him pursuant to a verdict of guilty for the offense of rape is void because his court-appointed counsel did not accede to his request and file a motion for new trial in his behalf. This presents a novel question. A jury composed of the prisoner's peers said by their verdict that he was guilty of rape and fixed the punishment he should receive. For some cause and possibly because of his illiteracy, the jury did not inflict the death penalty upon him as they would have been authorized to do after finding from the evidence and his unsworn statement that he was guilty of raping a girl under fourteen. His attorneys, mature men whom he had known as lawyers all of his life, according to his own testimony, heard the evidence which the State introduced against him and it is reasonable to assume that they were of the opinion that another trial before a different jury might result in punishment much more severe than he had received. Whether it was advisable and to his best interest to seek and obtain a new trial for him was a decision which his attorneys ought to have made and evidently

did make for their illiterate client. In *Cobb v. State*, 218 Ga. 10 (126 SE2d 231), cert. denied, 371 U.S. 948 (83 SC 499, 9 LE2d 497), a murder case where the accused was convicted and given the death penalty, this court said: "If appointed counsel had been compelled to consult and be controlled by the directions given him by his client, who was only fifteen years old, and according to his own insistence, knew nothing of law, courts or legal procedure, his usefulness would have been destroyed and the defendant would not have been represented by counsel within the meaning of Art. I, Sec. I, Par. V of the Georgia Constitution (*Code Ann.* § 2-105)." But it is here argued by counsel for the prisoner that the recent decision of this court in *Sims v. Balkcom*, 220 Ga. 7 (3) (136 SE2d 766) requires an affirmance of the judgment in this case. To this argument we do not agree. Sims, like this prisoner, was an illiterate person. He was convicted of rape and given a death sentence. His court-appointed attorneys withdrew from his case soon after his conviction and before the time for filing a motion for new trial had expired. New counsel for him was not appointed by the court after their withdrawal. Sims, unlike Roberts, had all to gain and nothing to lose by another trial. Counsel for Roberts did not withdraw from his case.

In the circumstances of this case a holding that counsel's decision not to seek a new trial for their client would void his conviction would unwarrantedly and injuriously reflect upon their personal reputations and upon their professional abilities. It would amount to a holding by this court that they were either incompetent or derelict in the performance of their professional duties to properly represent their client. To sustain the prisoner's contention, we must necessarily hold that a sentence imposed upon one convicted of crime is void where counsel in any given case fails to enter an appeal when requested to do so by his client, though the client be, as here, an illiterate person. We are unwilling to go that far, and the decision in *Sims v. Balkcom*, 220 Ga. 7, supra, does not require us to do so. Such a ruling would in many criminal trials conceivably deprive the accused of intelligent and proper representation in the courts. As to the procedure which should have been

taken by counsel after the prisoner was convicted by a supposedly impartial, intelligent and upright jury in his home county, we are unwilling to substitute our judgment for that of his counsel who heard the evidence against him and observed the conduct of his trial. Accordingly, we hold that the judgment rendered by Judge Carr is erroneous.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*