23711. BUXTON v. BROWN, Warden.

CANDLER, Presiding Justice. On October 27, 1964, John M. Buxton was convicted of burglary in Thomas County and was sentenced to serve a prison term of 7 years. On Janu-

ary 14, 1966, he brought habeas corpus against D. H. Brown, Warden of the Decatur County Prison Branch of the Georgia Penal System. His petition for the writ alleges that his detention is illegal because:. (1) after conviction he, as an indigent person, was not furnished counsel to file and prosecute an appeal in his behalf, (2) the panels from which he was required to select a jury to try his case were drawn by the trial judge from the traverse jury box in the office of the clerk of the superior court and not in the courtroom as required by law, (3) he was handcuffed and chained to another prisoner when brought into court for trial, and (4) the evidence was not sufficient to support the verdict against him. On the hearing, and after applicant for the writ of habeas corpus had introduced his evidence, he was remanded to the custody of the respondent. The appeal is from that judgment. *Held:*

1. Respecting appellant's contention that he was not furnished counsel for appeal purposes, the evidence shows: Judge Lilly appointed Jack B. Collier, a member of the Thomas County Bar to represent the accused and there is nothing in the record showing or tending to show that he appointed him to represent Buxton only for a limited period of time or for a limited purpose. Collier appeared for and conducted the trial but did not file an appeal from the judgment of conviction. The contention that Collier was appointed to represent Buxton only through the trial of his case was raised for the first time in this petition for habeas corpus and after the expiration of more than fifteen months immediately subsequent to the date of Buxton's conviction. On the hearing of the habeas corpus proceeding, Collier testified that it was his understanding that his appointment was to run for the trial only and that he had been advised by counsel for applicant that it is customary in Thomas County for appointed counsel to represent the accused only through the actual trial of his case. However, it does not appear from the record that Collier notified either Judge Lilly or the accused that he was laboring under the impression that his appointment terminated on the conclusion of the trial and from the evidence given by Collier on the hearing of this habeas corpus proceeding, we think the trial judge was authorized to infer that Collier did not withdraw from Buxton's case when he was convicted but was satisfied with the verdict and punishment imposed upon Buxton until this habeas corpus pro-

ceeding was instituted by other counsel. The advisability of appealing a judgment of conviction is a question which appointed counsel who heard the evidence and observed the conduct of his client's trial has a right to determine. *Cobb v. State,* 218 Ga. 10 (126 SE2d 231); *Balkcom v. Roberts,* 221 Ga. 339 (144 SE2d 524). To insure a proper administration of the criminal law, this court should not and will not countenance a contention so lacking in merit as the one here made.

A ruling different from the one here made is not required by the decision in *Sims v. Balkcom,* 220 Ga. 7 (3) (136 SE2d 766), where the accused was convicted of rape and given the death penalty, since the record in that case affirmatively shows that counsel for Sims actually withdrew from his case after the trial but failed to notify the accused or the trial judge of his withdrawal.

2. Habeas corpus cannot be substituted for appeal or other remedial procedure, or be used as a remedy for review of alleged errors in the trial court. *Wallace v. Foster,* 206 Ga. 561 (1a) (57 SE2d 290). It is an appropriate remedy only when the judgment of conviction is void. *Wilcoxon v. Aldredge,* 192 Ga. 634 (1), 636 (15 SE2d 873). That the jury which tried the accused was not properly drawn by the trial judge was a question which should have been, but was not, raised by a timely challenge to the array before the jurors were put upon him and his failure to do so amounts in law to a waiver of that right. For some of the cases so holding, see *Heard v. State,* 210 Ga. 523 (1) (81 SE2d 467), and *Cobb v. State,* 218 Ga. 10, supra.

Likewise, the contention that the accused was prejudiced on his trial by being brought into court shackled was a question which should have been, but was not, raised on the trial, and the contention that the evidence was insufficient to support the verdict is also a question which should have been raised by appeal. None of these alleged errors renders the judgment of conviction void, and this being so, they cannot be asserted in a petition for the writ of habeas corpus.

*Judgment affirmed. All the Justices concur.*

Submitted September 14, 1966—Decided September 22, 1966— Rehearing denied October 6, 1966.

*Altman & Johnson, Sol Altman,* for appellant.

*Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Charles B. Merrill, Jr.,* for appellee.