## 26903. BROWN v. HOLLAND.

MOBLEY, Presiding Justice. The appellant, who was convicted of theft of a motor vehicle and sentenced to 8 years in the penitentiary, filed petition for writ of habeas corpus in the Superior Court of Butts County, where he is serving his sentence. After hearing, the habeas corpus court denied relief under the petition. The appeal is from that judgment.

1. Enumerated error 1 alleges that the court failed to construe the petition and testimony of the appellant so as to do substantial justice. He contends in his brief that the finding of the habeas corpus court that none of his constitutional rights were denied him on the trial of his criminal case was insufficient because the judge did not address himself to all the constitutional grounds. The record shows otherwise. The trial court did consider his allegations and contentions and the evidence thereon, and made findings of fact and conclusions of law in compliance with the requirements of *Code Ann.* § 50-127 (9) (Ga. L. 1967, pp. 835, 836). See *Day v. Mills,* 224 Ga. 741, 744 (164 SE2d 828), where this court held that *Code Ann.* § 50-127 (9) "does not require the trial court at a habeas corpus hearing to set forth each fact upon which he bases his finding." It was held in that case that "the trial judge made sufficient findings of fact . . . by expressly ruling as a matter of fact that none of petition-

er's constitutitonal rights had been violated by the arresting officers and that petitioner had a fair and legal trial. This determination shows the incorporation of and consideration of the facts before the court. Thus, this judgment fully complies with the provisions of *Code Ann.* § 50-127 (9)." The court in the present case found "that none of this petitioner's constitutional rights have been violated and that he is lawfully restrained of his liberty by the respondent." This enumerated error is without merit.

2. Enumerated error 2 alleges that the court erred in failing to admit affidavits of the appellant and others stating that a named juror on the trial of the appellant's case knew the appellant but failed to state this on voir dire. Enumerated error 5 alleges that the court erred in failing to consider fully the allegation concerning the juror who knew the appellant, and that the appellant was deprived of his constitutional right to an impartial jury. The judge at the habeas corpus hearing gave full consideration to the issue made as to the juror who knew the appellant. The evidence showed that the appellant knew the juror and so informed his counsel, and they chose to accept him. The trial judge held that the appellant knew the juror and knew whether he answered correctly on voir dire, elected to take his chances on him as a juror, and that he would now be precluded from taking exception to the juror being on his case. There is no evidence to show any bias or prejudice of this juror against the appellant. The acceptance of the juror with knowledge of any alleged disqualification was a waiver of such disqualification. *Bitting v. State,* 165 Ga. 55, 82 (139 SE 877); *Anthony v. State,* 112 Ga. App. 444 (1) (145 SE2d 657). There is no merit in enumerated errors 2 and 5.

3. In enumerated error 3 the appellant contends that the court erred in failing to conduct a wide inquiry into the facts surrounding the allegations made by him so as to discover the true relevant facts. "In a habeas corpus hearing there is a presumption in favor of the conviction

or judgment unreversed, and that the decision of the court convicting the prisoner was well founded, . . . and the burden is upon the prisoner to overcome this presumption." *Gay v. Balkcom,* 219 Ga. 554 (134 SE2d 600); *Beavers v. Smith,* 227 Ga. 344, 348 (180 SE2d 717). The court was under no obligation to assist the appellant in overcoming the presumption of the validity of his sentence. However, the record indicates that the court did assist the appellant, who represented himself, in developing his case, and was most considerate of him. This enumerated error is without merit.

4. Enumerated error 4 alleges that the habeas corpus court erred in conducting an inquiry into the past record of the appellant, which was irrelevant and prejudicial. The questions by the court regarding the appellant's past record were asked after the appellant had told the court that he did not know of his rights when he was arrested. The purpose of the court's questions was to determine whether the appellant knew of his rights because of prior arrests. The only determination that the judge was making in the habeas corpus proceeding was the legality of the sentence, and it must be assumed that the judge would not be prejudiced on this question by information in regard to former offenses of the appellant.

5. The 6th enumerated error alleges that the court erred in failing to order a transcript of the evidence of the original trial and in failing to consider the transcript to determine the competency of the appellant's appointed counsel. There is no showing that the trial court needed the transcript to determine the competency of the attorney. Evidence was introduced at the habeas corpus hearing on this issue, and the court did not err in holding that he was competent.

6. Enumerated error 7 alleges that the court erred in failing to consider and view the original trial transcript to determine the truth of the allegations relating to the introduction of evidence claimed to be inadmissible. "It is a well-settled rule of practice and procedure that where

one . . . has been convicted of crime, habeas corpus cannot be used as a substitute for appeal or other remedial procedure for the correction of errors and irregularities; . . . It is an appropriate remedy only when the judgment or sentence under which applicant is being restrained is not merely erroneous but is absolutely void. *Sanders v. Aldredge,* 189 Ga. 69 (5 SE2d 371); *Morris v. Peacock,* 202 Ga. 524 (1) (43 SE2d 531)." *Ferguson v. Balkcom,* 222 Ga. 676 (151 SE2d 707). See also *Grimes v. Harvey,* 219 Ga. 675 (135 SE2d 281); *Bonner v. Smith,* 226 Ga. 250 (3) (174 SE2d 438). There is no merit in this enumerated error.

7. Enumerated error 8 alleges that the court erred in holding that the appellant's counsel on the trial of the criminal case was competent. Counsel who represented the appellant on his trial appeared and testified in the habeas corpus hearing. He testified that he had practiced law since his admission to the bar in 1968 (after his graduation from Mercer University Law School), that a majority of his work was in criminal law, and that he had tried some 50 cases. There is nothing in this record to indicate that this lawyer was incompetent. See *Hart v. State,* 227 Ga. 171 (10) (179 SE2d 346). This enumerated error is without merit.

8. Enumerated error 9 alleges that the court erred in failing to appoint counsel for the appellant in the habeas corpus proceeding. "Whatever may be the nature of a habeas corpus proceeding, it is not, strictly speaking, a criminal proceeding such as comes within the constitutional guarantee of the right to representation by counsel. See *Simmons v. Ga. Iron &c. Co.,* 117 Ga. 305 (1) (43 SE 780, 61 LRA 739); *Dutton v. Willis,* 223 Ga. 209 (154 SE2d 221); and Hatfield v. Bailleaux, 290 F2d 632." *Cash v. Smith,* 226 Ga. 318 (3) (175 SE2d 10). See also *Chadwick v. Smith,* 227 Ga. 753 (182 SE2d 896). There is no merit in this enumerated error.

9. Enumerated error 10 alleges that "the court erred in failing to consider and/or give proper weight to the testi-

mony of the petitioner concerning the allegations of no counsel at preliminary and arraignment hearings, right to appeal denied, etc." The testimony of the appellant shows that he had counsel at his arraignment. As to the preliminary or commitment hearing, this court in *Smith v. Fuller,* 223 Ga. 673, 674 (157 SE2d 447) held that the preliminary commitment hearing is not inherently a critical stage of the criminal proceeding. A critical stage in a criminal proceeding is "one in which a defendant's rights may be lost, defenses waived, privileges claimed or waived, or one in which the outcome of the case is substantially affected in some other way." *Ballard v. Smith,* 225 Ga. 416 (2) (169 SE2d 329). There is no evidence in this record that lack of counsel at the commitment hearing, or at any other time, in any way adversely affected him or infringed upon any of his constitutional rights. As to his complaint that he was arbitrarily denied an appeal of his case, the record shows that he sent his wife to see his attorney about the possibility of appealing his case. The attorney advised her that there were no grounds for appeal and he thought it would be useless to appeal. Thereafter, the appellant wrote the trial judge that he did not think he had a fair trial. The judge questioned the attorney about the appeal, who stated that the appellant had no valid ground for appeal. " 'The advisability of appealing a judgment of conviction is a question which appointed counsel who heard the evidence and observed the conduct of his client's trial has a right to determine. *Cobb v. State,* 218 Ga. 10 (126 SE2d 231); *Balkcom v. Roberts,* 221 Ga. 339 (144 SE2d 524).' *Buxton v. Brown,* 222 Ga. 564 (1) (150 SE2d 636)." *Blackmon v. Smith,* 226 Ga. 849 (178 SE2d 176). Under these facts and circumstances, we cannot say that the appellant was denied an appeal of his case. There is no showing that he made further effort to appeal. This enumerated error is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 14, 1971—DECIDED FEBRUARY 11, 1972.

Harry Brown, *pro se.*

Arthur K. Bolton, *Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Richard S. Gault, Assistant Attorneys General,* for appellee.