48409. WILKES v. THE STATE.

CLARK, Judge. In this case, in which the appellant prisoner convicted of escape acted as his own attorney both at the trial and on this appeal, our sole concern is that he has received the benefit of his constitutional rights.

In any forum other than an American court the facts here involved might be considered cause for amusing or ironical comments. To judges such as the trial jurist here and the members of this bench we confine ourselves to the seriousness of the charges by the defendant that his conviction "was the violation of due process of the law and violation of the defendant's constitutional rights" as stated in the notice of appeal prepared and filed by the prisoner in propria persona.

Wilkes was indicted for the offense of escape in that while serving a robbery sentence he did "intentionally escape from lawful custody and from place of lawful confinement." During a Christmas party with families of the prisoners and laymen present as guests at the Lowndes County Correctional Institution given by a volunteer laymen service agency interested in aiding prisoners and particularly in their rehabilitation the appellant made a sudden dash towards a security fence which he climbed and thus made his escape. He was shortly thereafter apprehended and the indictment for escape and trial thereon followed in due course.

At the trial before a jury and Hon. George A. Horkan, Jr., defendant was permitted to act as his own attorney. Acting with scrupulous regard for the defendant's rights the trial judge appointed local counsel to assist defendant. Judge Horkan also questioned defendant as to his desire to present any defense witnesses and thereupon directed that the designated fellow prisoner be subpoenaed. This witness testified. Defendant was

permitted wide latitude in his personal cross examination of the state's witnesses. His own testimony was under oath with the assigned local counsel conducting the examination.

From defendant's cross examination and his own testimony it appears there were a number of motivations, none of which constituted a legal defense to the charge of escape. These included alleged mistreatment, including lack of medical attention for his ulcer condition and complaints as to previous placements in isolation. The court permitted full interrogation concerning prison practices including the existence of a fair hearing disciplinary committee and the physiological and psychological problems of a prisoner placed in isolation. Although the transcript does not contain the oral argument made by the accused, he was permitted to present his views without hindrance.

The verdict of guilty was followed by a sentence of four years which the court's judgment provided was to run consecutively with the robbery sentence then being served.

Without filing a motion for a new trial the defendant prepared and filed his notice of appeal and a motion to proceed as an indigent with a further formal petition for the court to provide him with the necessary legal documents for appeal which was granted. Counsel was not requested by defendant at any time. No briefs or oral arguments were given by either the state or appellant.

1. Accused may make an intelligent waiver of his right to benefit of counsel. *Ford v. State,* 227 Ga. 279 (180 SE2d 545); *Simmons v. State,* 126 Ga. App. 401 (190 SE2d 835). This waiver differentiates this appeal from Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) where defendant expressly requested counsel. Accordingly, it is not necessary in the protection of the defendant's constitutional rights for this court to require counsel to be appointed to follow the procedure directed in *Chambers v. State,* 229 Ga. 648 (193 SE2d 816) for disposition of frivolous appeals.

2. An appeal is not constitutionally required in every criminal case. *Bolick v. State,* 127 Ga. App. 542 (194 SE2d 302); *Buxton v. Brown,* 222 Ga. 564 (150 SE2d 636).

3. Our scrutiny of the trial court proceedings shows that the appellant was not denied any constitutional rights and received every benefit of legal due process.

*Judgment affirmed. Hall, P. J., concurs. Evans, J., concurs specially.*
Submitted July 10, 1973 — Decided September 12, 1973 —

James E. Wilkes, *pro se.*

EVANS, Judge, concurring specially. The majority opinion considers this case on the merits despite our Rule 18 (c, 2) (Code Ann. § 24-3618), which provides that any enumeration of error not supported in a brief by citation of authority or argument shall be deemed to have been abandoned.

This court should treat all litigants alike — if we are going to apply Rule 18 (c, 2) as to some litigants, we should apply it to all — or we should repeal the rule. In this case there was no brief and no oral argument in support of any enumeration of error. Thus, the defendant (appellant), under our rule, had abandoned each and every enumeration of error.

The majority seems to feel that because this defendant is indigent and not represented in this court by counsel, we should look the other way as to Rule 18 (c, 2). I do not agree. The defendant wished to represent himself in the trial court, which was permitted; although the trial judge did appoint an attorney to render such assistance as might be needed. He never did request that counsel be appointed to represent him.

After conviction, instead of asking the court to appoint counsel to file his appeal, so it might be properly brought to and argued in this court, he merely requested that the trial court provide him with the necessary legal documents for appeal, which request was granted. Upon request, he could have had an attorney file a brief for him, or make oral argument in this court. Thus, he would not have abandoned his enumerations of error.

The majority opinion scrutinizes the trial court proceedings and holds that none of the constitutional rights of defendant were denied. I do not reach that point; under the posture of this case, defendant has abandoned all enumerations of error and for that reason the judgment of the lower court must be affirmed.