## 29426. POWELL v. HOPPER.

GUNTER, Justice.

This is an appeal from a habeas corpus judgment that remanded the appellant to custody. The only question raised in the application for a writ of habeas corpus and this appeal is whether the appellant was denied his right to appeal from his original conviction.

On March 26, 1973, appellant was convicted of murder in Bryan Superior Court and sentenced to life imprisonment. Within two weeks of his conviction, while in the Liberty County Jail, he wrote to his court-appointed trial attorney. His letter stated: "I would like to see you as soon as I can. How about getting me another try in court." Shortly thereafter, he was transferred to the Diagnostic Center in Jackson, where he contacted the Legal Counseling Project. On April 19, a lawyer from the Project wrote to the trial attorney, enclosing a second letter from appellant. The letter from the lawyer indicated that appellant wanted to know how he could get an appeal. The enclosed letter from appellant stated: "I am writing you to ask you to get me another trial. I no [sic] that I do have that much right so I ask you to help me please do [sic] to the fact that I do have the right to a new trial." By letter dated April 24, the twenty-ninth day after the conviction, the trial attorney responded, acknowledging that he had received appellant's letters and a letter from the Project. The trial attorney's letter stated: "You are correct when you say that you have a right to a new trial or an appeal of your case. As your attorney I am under a duty to protect your rights along these lines. However, before you can avail yourself of these rights, it must appear that you have legal grounds for so doing. I have reviewed my notes during the trial of your case and I cannot find a legitimate ground for a new trial."

The habeas court, relying on *Cobb v. State,* 218 Ga. 10 (126 SE2d 231) (1962) ruled: "It is obvious from the

evidence that the attorney for the petitioner, at the trial of the case, determined that there were no grounds for appeal. It would therefore be improper for this habeas court to question that judgment."

After the judgment of remand in this case, this court decided *Thornton v. Ault,* 233 Ga. 172 (210 SE2d 683) (1974). *Thornton* stated: "The right to appeal is violated when the appointed lawyer deliberately foregoes the direct appeal without first obtaining his client's consent." Appellee concedes here that, in light of *Thornton,* the order of the trial court in the case at bar was based on an erroneous conclusion of law. See also in this connection *Holloway v. Hopper,* 233 Ga. 615, and *Moore v. Hopper,* 233 Ga. 894.

Because of these recent decisions the habeas judgment must be reversed, and direction is given that an order be entered permitting an out-of-time appeal from the judgment of conviction.

*Judgment reversed with direction. All the Justices concur.*

SUBMITTED JANUARY 13, 1975 — DECIDED APRIL 8, 1975.

*Thomas M. West,* for appellant.

*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., John W. Dunsmore, Jr., Assistant Attorneys General,* for appellee.