## 36106. SANDERS v. THE STATE.

UNDERCOFLER, Chief Justice.

Sanders appeals his conviction and life sentence for the murder of James Brumidge. We affirm.

1. A review of the record in this case in the light most favorable to the prosecution shows that a rational fact finder could have found petitioner guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The State's evidence authorized a jury to find that "bad blood" existed between appellant and Brumidge. On the evening of September 16, 1977, Brumidge and Clifton Warner were walking down Thompson Street in Cochran. Appellant drove past them. Brumidge kicked appellant's car, denting a fender. Warner testified appellant stopped at the next corner and removed a rifle from the trunk of the car. The victim and Warner ran. After searching for Brumidge, appellant, with the aid of Roosevelt Brumidge, a second cousin to the victim, found him at Basby's Cafe. A State's witness saw appellant stand at the front door of the cafe, with the rifle in his hand, and call Brumidge out. Appellant then entered an alley next to the cafe and waited. Brumidge emerged unarmed and entered the alley. This witness heard two shots shortly after Brumidge disappeared, followed soon after by appellant's emergence from the alley.

At trial, appellant pursued a theory of self-defense, stating in the taped interrogations that the victim attacked him with a bottle, threw the bottle down and struggled with him over the gun. It fired twice, killing Brumidge. Physical evidence and expert testimony showed no powder residue on the victim's clothing and placed the distance between the body and two shell casings ejected from appellant's rifle as being from ten to eleven feet.

Further, there is no merit to appellant's claim that the trial judge apparently considered the general grounds in his motion for new trial abandoned and failed to consider them. The judge's order states the new trial motion was denied after hearing argument of counsel and "study of the briefs and authorities by each side." He concludes: "(1) *The general grounds are without merit* and were evidently abandoned by the defendant." (Emphasis supplied.) The latter part of the statement is mere surplusage; the general grounds were found to be without merit.

2. It was not error to admit two tape recordings of interviews with appellant and two signed written waiver forms into evidence after a determination of voluntariness had been made and a proper foundation laid. *Morris v. State,* 228 Ga. 39 (5c) (184 SE2d 82) (1971);

*Walker v. State,* 226 Ga. 292, 294 (174 SE2d 440) (1976); *Harris v. State,* 237 Ga. 718, 724 (230 SE2d 1) (1976). Appellant's continuing objection against admission of this evidence did not reach the question of its going out with the jury. Here, the court properly permitted these exhibits to go to the jury room in the absence of a proper objection. *Smithwick v. State,* 199 Ga. 292 (34 SE2d 28) (1945); *McKay v. State,* 200 Ga. 120 (36 SE2d 55) (1945); *Chandler v. State,* 219 Ga. 105 (131 SE2d 762) (1963). As a matter of fact, counsel for appellant was asked if the exhibits were in proper form and number before being sent to the jury, and he, without objection, replied they were. But see Agnor's Georgia Evidence, § 15-12, n. 4. Compare *Shedden v. Stiles,* 121 Ga. 637 (4) (49 SE 719) (1904); *Strickland v. State,* 167 Ga. 452 (6) (145 SE 879) (1928); *Royals v. State,* 208 Ga. 78 (65 SE2d 158) (1951).

3. Appellant alleges two jurors did not disqualify themselves from serving on appellant's jury when their answers to questions on voir dire reflected they did not tell the truth when they said they did not know him. However, he acknowledges this situation is controlled by *Brown v. Holland,* 228 Ga. 628, 629 (2) (187 SE2d 246) (1972), where it was held the acceptance of a juror with knowledge of any alleged disqualification was a waiver of such disqualification. We decline to overrule *Brown,* supra.

4. Enumeration 5 is also without merit. It was not error to transfer appellant to the State prison pending appeal under the circumstances of this case. Code Ann. § 77-339 (Ga. L. 1971, p. 341); § 77-340 (b) (Ga. L. 1974, p. 479); *Ricketts v. Brantley,* 239 Ga. 151 (236 SE2d 51) (1977); dism., Brantley v. Georgia, 434 U. S. 1003 (98 SC 707, 54 LE2d 746) (1978).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 28, 1980 — DECIDED MAY 27, 1980 —
REHEARING DENIED JUNE 17, 1980.

*J. William Trunnell, Jr.,* for appellant.

*Philip R. West, District Attorney, Arthur K. Bolton, Attorney General, W. Davis Hewitt, Assistant Attorney General,* for appellee.