## 61219. SPRADLEY v. THE STATE.

McMURRAY, Presiding Judge.

The defendant was indicted and convicted of the offense of robbery by use of force. Defendant appeals, enumerating as error "[t]hat the evidence as a whole as presented to the Jury was not sufficient to convict" defendant. *Held:*

The victim testified that he was walking at night along a railroad track in the City of Moultrie when he heard something behind him. The victim stated that before he could even turn and look a man was on top of him choking him from behind and forcibly and against his will took his money from his pockets. The victim testified that immediately after the incident he got up and followed the perpetrator back under the light at a nearby restaurant where he first got a good

look at the perpetrator and recognized him as the defendant, an individual he had known for 16 to 18 years. The victim also saw the defendant pass by two women, and he heard one of the women call to the defendant by name to which he heard the defendant respond, "Don't say anything," or "Don't say nothing." The victim knew both of these women, who also testified for the state.

The testimony of the two women corroborated the testimony of the victim as to the identity of the defendant. Although both of these women were uncertain as to the time of the occurrence and one did not remember either the date nor the day of the week, their description of the events is sufficiently consistent with that of the victim as to authorize the jury to conclude that the victim and both women were discussing the same event. Both women saw the victim getting up off the ground and following the defendant. The women's testimony as to the conversation between themselves and the defendant was also consistent with the victim's testimony.

Although defendant presented conflicting alibi evidence, after a careful review of the entire record and transcript we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of the guilt of the defendant beyond a reasonable doubt of the offense of robbery by use of force. See *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JANUARY 30, 1981.

*Michael A. Sherling,* for appellant.
*H. Lamar Cole, District Attorney, Richard Goolsby, Assistant District Attorney,* for appellee.