## 65215. DURDEN v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted for the offenses of attempting to elude a police officer; carrying a pistol without a license; criminal damage to property in the second degree; and obstruction of a police officer in the lawful discharge of his official duties. The jury found him guilty on three of the charges, but not guilty of criminal damage to property in the second degree. He was sentenced to serve 12 months on each charge, all to be served concurrently. Defendant's motion for new trial was filed, heard and denied and he appeals. *Held:*

This case clearly meets the criteria of Rule 36 of the Rules of the Court of Appeals of Georgia, adopted February 23, 1981, effective

September 1, 1981, in that the evidence supports the judgment and no reversible error of law appears in which an opinion would have any precedential value. However, we have examined the record and transcript and have found no errors prejudicial to the defendant's rights. A rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of the guilt of the defendant beyond a reasonable doubt of all the charges. *Drake v. State,* 245 Ga. 798, 799 (267 SE2d 237); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Snell v. State,* 246 Ga. 648 (272 SE2d 348).

Present counsel for defendant also contends that the public defender failed to provide defendant with adequate and effective assistance of counsel. He bases this upon the fact that the public defender was appointed for arraignment only and thereafter when the case was called for trial and the defendant had failed to obtain counsel after being instructed by the court to employ his own counsel and had not obtained counsel, he was instructed to represent himself with the assistance of the public defender. During the trial, however, the public defender examined and cross-examined witnesses (including the defendant who was sworn and testified) and during the sentencing phase made a valiant effort to obtain probation. His present counsel contends that under *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515), and *Young v. State,* 239 Ga. 53, 60 (236 SE2d 1), that the public defender's representation did not meet the standards for effective assistance of counsel. We do not agree. Based on the cases cited, we find no reversible error. See *Hawes v. State,* 240 Ga. 327, 329-330 (240 SE2d 833).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JANUARY 4, 1983.

*Vanderver R. Pool,* for appellant.
*J. Lane Johnston, District Attorney, N. Jackson Cotney, Jr., Assistant District Attorney,* for appellee.