## 32070. RICKETTS v. BRANTLEY.

PER CURIAM.

Dr. Ricketts, Warden of the Georgia Diagnostic and Classification Center, appeals from an order returning Brantley from the Center to Cobb County where he was sentenced to life imprisonment after his conviction of armed robbery.

152

On the same date that Brantley was convicted, his attorney filed a motion for new trial. Also on the same date, the trial judge certified that Brantley's continued custody in Cobb County constituted a dangerous condition which the local jail was not equipped to meet or control, and Brantley was transferred to the Center prior to the conclusion of his appeal.

Brantley filed a habeas corpus petition complaining of his removal from Cobb County out of the jurisdiction of his appeal. A hearing was held, and the habeas corpus judge found that the order of the judge of the Cobb Superior Court, certifying to the Department of Corrections that the continued custody of Brantley in the Cobb County jail constituted a dangerous condition, was entered without notice to Brantley or opportunity to be heard or present evidence, and it was ordered that Brantley be remanded to the custody of the Sheriff of Cobb County.

The appellant warden argues that Code Ann. § 77-340 (b) (Ga. L. 1971, p. 341; 1974, p. 479) authorized the trial judge to make the certificate for Brantley's transfer without notice to him or opportunity for him to be heard.

In the 1956 revision of the laws pertaining to the penal institutions of this state the General Assembly provided that where a person has been convicted and sentenced to serve time in the custody of the Director of Corrections, and "after all appeals or other motions have been disposed of so that conviction has become final," the Director of Corrections shall be notified and shall assign the prisoner to a correctional institution. Code Ann. § 77-309 (Ga. L. 1956, pp. 161, 171).

By Ga. L. 1971, p. 341 (Code Ann. § 77-339) authority is given for the temporary transfer of prisoners to the custody of the state prison system where such transfer is desired by the prisoner. By Ga. L. 1974, p. 479 (Code Ann. § 77-340 (b)) it is provided that: "The authority contained in § 77-339 may be exercised when the trial judge certifies in writing to the Director of Corrections that the continued custody in the local jail or lockup of a prisoner who has been convicted of the offense of murder, rape, kidnapping, or armed robbery, constitutes a dangerous condition which the local jail or lockup is not equipped to meet or

control."

Code Ann. § 77-340 (b) gives authority to the trial judge to determine when the presence of prisoners convicted of certain serious and violent crimes constitutes a dangerous condition in the local jail. There is no requirement in the statute that the judge must hear evidence to make this determination. The exercise of his discretion in making this determination without notice to the prisoner or opportunity for him to be heard does not deny the prisoner due process of law. Compare Meachum v. Fano, 427 U. S. 215 (96 SC 2532, 49 LE2d 451) (1976).

The habeas corpus judge erred in remanding Brantley to the custody of the Sheriff of Cobb County.

*Judgment reversed. All the Justices concur, except Jordan and Hall, JJ., who dissent.*

ARGUED MARCH 15, 1977 — DECIDED MAY 17, 1977 — REHEARING DENIED JUNE 7, 1977.

*Arthur K. Bolton, Attorney General, Harrison Kohler, Staff Assistant Attorney General, Daryl Robinson,* for appellant.

*R. Alex Crumbley,* for appellee.

Charles Wayne Brantley, *pro se.*

JORDAN, Justice, dissenting.

The right of a convicted prisoner to remain within the jurisdiction of the court of his conviction while his appeal is pending is a valuable right. His opportunity to confer with his counsel is necessarily hampered by his transfer to the state prison system.

The case of Meachum v. Fano, supra, dealt only with the transfer of a prisoner from one penal institution to another, a matter entirely within the discretion of the prison officials. In my opinion due process of law requires that the certificate of the trial judge should not be made until notice is given to the prisoner and opportunity afforded him to present evidence as to whether his presence in the local jail constitutes a dangerous condition.

I am authorized to state that Justice Hall joins in

this dissent.