Michael Albert CERVI, Plaintiff,

v.

STATE DEPARTMENT OF OFFENDER
REHABILITATION and David C. Ev-
ans, as Commissioner, Individually, De-
fendants.

Civ. A. No. 180–59.

United States District Court,
S. D. Georgia,
Augusta Division.

April 22, 1980.

O. Torbitt Ivey, Jr., Augusta, Ga., for
plaintiff.

Harrison Kohler, Atlanta, Ga., for de-
fendants.

## ORDER

BOWEN, District Judge.

The plaintiff, Michael Albert Cervi, is a
prisoner convicted in Taliaferro County,
Georgia, of the crime of murder by a jury
verdict which was returned on February 28,
1980. He was sentenced to death on Febru-
ary 29, 1980. Because of the absence of the
jail facility in that county, he is incarcerat-
ed in the custody of Sheriff William B.
Swan in McDuffie County.

The plaintiff has filed a motion for new
trial before the Honorable Robert L. Ste-
vens, Judge of Superior Court of Taliaferro
County, Georgia, Toombs Judicial Circuit.
By virtue of the pendency of this motion,
the sentence of death is stayed.

Pursuant to Ga.Code § 77–340(b), the tri-
al judge issued a certificate on March 6,
1980, providing for the transfer of plaintiff
Cervi to the Department of Offender Reha-
bilitation. It appears that the Ga.Code
§ 77–340(b) certificate entered by Judge

Stevens was made without notice to defendant or his counsel, without any hearing and without taking any evidence. Mr. O. Torbitt Ivey, acting for the plaintiff prisoner, filed a motion to stay the transfer and exhibited to the trial judge the affidavit of Sheriff Swan dated March 19, 1980. Sheriff Swan has appeared today and has stated to the Court that his testimony would be consistent with his affidavit. There is nothing in the record which indicates in any way that what Sheriff Swan states in the affidavit is incorrect. Sheriff Swan's assessment is entirely credible. The trial judge had the benefit of this affidavit before ruling on the motion to stay transfer. Judge Stevens denied the motion to stay transfer and subsequently denied plaintiff's petition for certificate of immediate review of his decision.

On March 28, 1980, plaintiff filed a complaint in the U. S. District Court for the Southern District of Georgia against the Department of Offender Rehabilitation and its Commissioner, David C. Evans seeking injunctive relief to prevent plaintiff's transfer to the Department of Offender Rehabilitation. The complaint alleges that the transfer would abridge plaintiff's constitutional rights to due process and equal protection of the law, and would violate the Department of Offender Rehabilitation provisions for incarceration prior to the execution of plaintiff's sentence. Since there is a constitutional question involved, subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331(a). Furthermore, although the office of the Georgia Department of Offender Rehabilitation to which plaintiff Cervi would ordinarily be delivered is in the Middle District, there is sufficient likelihood both by the requirement of law and allegations of the plaintiff that the transfer could occur within the Southern District of Georgia. Accordingly, venue is proper under 28 U.S.C. § 1391(b) because plaintiff's claim for deprivation is likely to arise in this district.

The certificate entered by the trial judge under Ga.Code § 77–340(b) is adequate for the purpose it is intended and meets the statutory requirements. Although no notice or hearing was afforded the state prisoner, it should be noted that the trial judge heard all the evidence in plaintiff's trial wherein he was convicted of a most grievous violent crime. The fundamental question presented by plaintiff's complaint is whether the trial judge, the Department of Offender Rehabilitation and any officials who may be involved in the intended transfer, have complied with the Georgia law. Mr. Ivey has made a forceful and innovative argument with respect to Title 77 of the law of Georgia relating to penal institutions. Of particular interest is his argument that the authority for transfer granted under Ga.Code § 77–339 is not operative under the law unless the prisoner, his attorney, or both have consented pursuant to section 77–338.

Sections 77–338 through 77–341 were passed by the Georgia Legislature in 1971 and as enacted supports Mr. Ivey's argument. In 1974, however, the legislature amended section 77–340 to provide:

The authority contained in section 77–339 may be exercised when the trial judge certifies in writing to the Commissioner of Offender Rehabilitation that the continued custody in the local jail or lockup of a prisoner who has been convicted of the offense of murder, rape, kidnapping, or armed robbery, constitutes a dangerous condition which the local jail or lockup is not equipped to meet or control.

Ga.Code § 77–340(b) (Cum.Supp.1979). The preamble to the session law states:

"An Act to amend an Act providing for the temporary transfer of prisoners pending appeal to a state prison or county work camp, approved April 1, 1971, (Ga.L. 1971, p. 341), to provide for the transfer of certain prisoners pending appeal *without the request of the prisoner or his attorney*; to repeal conflicting laws and for other purposes."

Act of March 21, 1974, No. 954, 1974 Ga. Laws 479 (emphasis added).

From the preamble, it sufficiently appears that the legislative intent of this enactment was to provide authority for trans-

fer of the prisoner without the consent or request of the prisoner or his attorney. Section 3 of the act includes the usual repealer which states that all laws and parts of law in conflict with this act are hereby repealed.

The only Georgia case that has applied this code section in any similar situation is *Ricketts v. Brantley,* 239 Ga. 151, 236 S.E.2d 51 (1977). Interpreting its own laws, the Supreme Court of Georgia stated:

> Code Ann. § 77–340(b) gives authority to the trial judge to determine when the presence of prisoners convicted of certain serious and violent crimes constitutes a dangerous condition in the local jail. There is no requirement in the statute that the judge must hear evidence to make this determination. The exercise of his discretion in making this determination without notice to the prisoner or opportunity for him to be heard does not deny the prisoner due process of law.

*Id.* at 153, 236 S.E.2d at 52.

The basic question directed to this Court on the application for preliminary injunction and on the motion to dismiss is whether the transfer of this prisoner is consistent with the statutory procedure. If not, plaintiff would be deprived of equal protection or due process under the laws of Georgia. Construing the statute which grants the authority to the superior court judge interpreted by the language of the state supreme court in *Ricketts,* there is nothing in the law which would authorize a district judge to grant the relief that plaintiff seeks. Accordingly, the motion to dismiss filed by the Department of Offender Rehabilitation and Commissioner Evans is GRANTED.